160 So.2d 541 (1964)
John Aaron PEACOCK, Appellant,
v.
STATE of Florida, Appellee.
No. E-105.
District Court of Appeal of Florida. First District.
February 4, 1964.
Rehearing Denied February 28, 1964.
*542 A.K. Black, Lake City, for appellant.
Richard W. Ervin, Atty. Gen., and A.G. Spicola, Jr., Asst. Atty. Gen., for appellee.
STURGIS, Chief Judge.
The appellant, John Aaron Peacock, was jointly indicted with one Mike Romanello upon a charge of breaking and entering the dwelling of another with intent to commit grand larceny. He was separately tried by jury, convicted and adjudged guilty, hence this appeal. We affirm.
The material facts are the same as set out in the opinion of this court this day filed in the separate appeal of appellant's co-defendant, styled Romanello v. State of Florida, Fla.App., 160 So.2d 529, and reference is had thereto to the extent applicable on this appeal.
The first, second, third and fifth points of law related by our opinion in the Romanello case are identical with points of law presented by appellant Peacock on this appeal. Appellant's contentions in these particulars are found to be without merit for the same reasons stated by our said opinion in the Romanello case. Appellant Peacock presents and argues the following additional point of law for disposition on this appeal: Whether the court erred in permitting witness Murphy to testify concerning his visual comparison of a mold of automobile tire marks imprinted on the ground and the tread of tires on the automobile of the appellant.
Here, as in the Romanello appeal, appellant Peacock's primary thrust is directed to the acts of the Florida Highway Patrol in stopping the automobile driven by him, arresting him, searching the automobile and his person without benefit of a search warrant, and seizing from the automobile articles that were subsequently used in evidence. The material evidence on this trial pertaining to the probable cause for appellant's arrest and the subsequent search and seizure is substantially the same as that adduced on the trial of Romanello and outlined in our opinion on his appeal. Our conclusions in that case on the parallel points of law involved apply with like force to this appeal and it would serve no useful purpose to repeat them here.
On the additional point of law presented by this appeal, we have carefully reviewed the testimony given by witness Grady Murphy, a deputy sheriff of Taylor County, Florida, touching upon casts made by him of automobile tire prints found on the premises of the victims of the robbery, Mr. and Mrs. Holton, and upon the shoulder *543 of the sand road across the railroad and opposite the robbed premises; and also touching upon a visual comparison made by him of such casts with the tires of the automobile operated by appellant Peacock. Appellant contends that this testimony was inadmissible because the witness was not qualified as an expert in such matters and because no proper predicate was laid for such testimony. We find no merit in this contention. One does not have to be specially trained in order to make a visual comparison of this character. The subject is one upon which an intelligent person with some degree of experience  qualifications possessed by the witness  may and should be permitted to testify, leaving to the jury, as is its exclusive province, the determination of the credence and weight to be given thereto. Also, there were ample facts upon which to predicate the use of the tire casts or molds from which the witness made a comparison with the tires found on the automobile operated by appellant.
Finding no error, the judgment appealed is
Affirmed.
WIGGINTON and RAWLS, JJ., concur.