553 So.2d 240 (1989)
Vernon CLARK, Appellant,
v.
The STATE of Florida, Appellee.
Darryl Zanuck SMITH, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 88-1274, 88-1576.
District Court of Appeal of Florida, Third District.
November 21, 1989.
*241 Bennett H. Brummer, Public Defender, and John Lipinski and Arthur Carter, Sp. Asst. Public Defenders, for appellants.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and LEVY, JJ.
PER CURIAM.
Defendants Clark and Smith appeal their convictions which were the result of a murder and an attempted armed robbery. Smith also appeals his sentence. The state cross-appeals the trial court's giving of a withdrawal instruction. We affirm the convictions.
While a customer was in a liquor store cashing his paycheck, defendant Clark and a man named Brown, who is not involved in this appeal, entered the store. While undertaking to commit a robbery, Clark pulled out a gun and shot the store clerk. The customer attempted to knock the gun from Clark's hand and then ran out the door. At that point, Clark jumped up on the store counter and fired another shot into the clerk's head, killing him. Meanwhile, Brown grabbed the elderly co-owner of the store and pulled her towards him. When the woman tried to go to the aid of the clerk, her son-in-law, she was hit violently in the head by Clark. Up until the shots were fired, defendant Smith, the driver of the getaway car, waited outside.
Immediately after the shooting, a man on the street at the time saw two men, whom he later identified as Clark and Brown, run out of the store; the witness identified Clark as the man carrying a gun. Clark and Brown proceeded to run down the street in different directions. A policeman on the street at the time noticed a man running north about fifteen yards from the liquor store. He noticed that the runner was wearing a warm coat and perspiring heavily. The officer also noticed the butt of a gun sticking out of the man's pocket. After a chase, the officer apprehended the man and another officer arrived to assist in the arrest. Upon arresting the man, subsequently identified as Clark, the officers discovered he was carrying two firearms: one was later identified as the murder weapon; the other was identified as that of the store clerk. After photographic lineups, the store co-owner and the customer also identified Clark as the gunman. During his statement to police upon arrest, Clark demonstrated the shooting for the police and even posed for pictures showing his body position when he fired the fatal shots.
Defendant Smith was subsequently apprehended when a police officer saw a Cadillac matching the description of the vehicle involved in the crime. The officer went to the apartment in front of which the car was parked and met defendant Smith. Smith agreed to go to the police station where he was advised of his rights and where he later gave a statement admitting that he drove Clark's car to the liquor store that day with the intent to participate in a robbery. He said he drove away when he heard the shots and saw people running out of the store.
Clark and Smith were tried together. At the conclusion of a jury trial, Clark was convicted of first-degree murder, attempted armed robbery, and aggravated assault. Smith was convicted of attempted armed robbery.
In their appeals, in addition to Smith's claim that his sentence was improperly *242 calculated, both defendants allege three instances of prosecutorial misconduct warrant reversal of their convictions. Two of the allegations involve violations of the "Golden Rule" against putting jurors in the place of the victim.[1] The first violation allegedly occurred during the prosecution's case, when a detective was asked to show the jury how Clark had demonstrated the shooting to police after his arrest. The witness attempted to use the jury as reference points. However, the prosecutor instructed the witness to use himself, a chair, and the prosecutor as reference points for the demonstration instead. The trial judge reinforced the prosecutor's directions to the witness, and the demonstration was carried out without involving the jury. Consequently, no violation of the Golden Rule occurred.
The second alleged instance of a Golden Rule violation is more problematic. During his closing argument, the prosecutor aimed the unloaded murder weapon at the jury and pulled the trigger. Defense counsel moved for a mistrial and curative instruction which were denied; however, the trial judge did admonish the prosecutor to point the gun elsewhere. The prosecutor's action in this instance was error as it was theatrical and potentially dangerous. However, the prosecutor did not employ any words in connection with the display so as to clearly cause it to constitute a Golden Rule violation; nevertheless, the action tended to create the impression of involving the jurors in the display.
More importantly though, we hold that this error was at most harmless in the face of the overwhelming evidence of guilt on the part of both defendants. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986). Not only had both defendants admitted to their crimes at some point  with Clark even posing for photographs of how he committed the murder  but there were also at least four independent witness identifications of Clark as the gunman.
Defendants claim a third instance of prosecutorial misconduct occurred when the prosecutor speculated that the intent of the codefendant Brown in grabbing the store owner was to asphyxiate her. Assuming without deciding that this comment was error, the comment did not harm these defendants because it was not directed towards them.
Finally, defendant Smith claims the trial court improperly sentenced him outside the confines of the sentencing guidelines. We find it unnecessary to discuss this issue since the transcript of Smith's sentencing hearing shows that the trial judge correctly found the defendant to be an habitual offender. See Ruiz v. State, 384 So.2d 723, 724 (Fla. 3d DCA 1980). Consequently, Smith's enhanced sentence was proper under section 775.084(4)(a), Florida Statutes (1987).
Having affirmed both defendants' convictions, it is unnecessary to address the state's cross-appeal claim that the trial court erred in reading to the jury an instruction on withdrawal.
Affirmed.
NOTES
[1] See e.g. Adams v. State, 192 So.2d 762 (Fla. 1966); Peterson v. State, 376 So.2d 1230 (Fla. 4th DCA 1979), cert. denied, 386 So.2d 642 (Fla. 1980); Lucas v. State, 335 So.2d 566 (Fla. 1st DCA 1976).