STEVENSON, J.
After Joseph Algie slipped and fell over a ledge or step while being led on a tour at a model home, he and his wife sued Len-nar Corporation, alleging negligent construction and failure to warn of a dangerous condition. The liability and damages issues were bifurcated and the jury returned a no liability verdict in favor of Lennar. The Algies have appealed, arguing that the trial court’s failure to strike a juror “for cause” compels reversal. We agree.
During voire dire, plaintiffs’ counsel asked the venire whether they had ever felt that an injury sustained by themselves *1137 or a family member shouldn’t have happened, could have been prevented and was someone else’s fault, whether anyone had been in an accident and felt the need to sue, or whether they felt the plaintiffs were doing something wrong in bringing the lawsuit. The record reflects no verbal response to any of these questions. Shortly thereafter, the following exchange took place:
Counsel: One of the things that the judge has mentioned on a couple of occasions is, again, this was a tripping accident. Does anybody have, again, one of those beliefs, those opinions that if somebody tripped, they’ve got to be partly at fault? They didn’t see what they were walking on, they caught their foot, they’re clumsy. Anyone think that just because they fell, they should carry some of the responsibility? Anyone at all? Okay, [later exchanges between the court and counsel indicate that about a half dozen or so of the prospective jurors tentatively raised their hands] ... [T]ell me what your thoughts are about someone falling.
Juror: Well, I have a big operation, about 350 employees, and there are trips and things like that. And, you know, there’s a part of it that’s awareness of where you are, your surroundings. So I believe in that. I believe that.
Counsel: Do you believe that the awareness is in every situation where someone may fall, whether they’re one of your employees or a relative?
Juror: Yes.
Counsel: So there’s always that little factor in any trip and fall that you believe the person who actually is injured carries a percentage of the fault?
Juror: Yes.
Counsel: And when you go back into the jury room at the time of deliberations in this case, that is something that you’re going to carry with you, no matter what happens? If, in fact, Joseph fell, he’s already partly responsible for lack of awareness, without you knowing anything?
Juror: I guess you’re right.
Counsel: I mean, that’s something I have to overcome. I’m starting out already with that little burden behind this defense. Would that be fair to state? Juror: To a certain extent.
Later, Lennar’s counsel directed the following questions to that same juror:
Counsel: Okay. You were asked a few questions by [plaintiffs’ counsel] about how you feel relative to someone claiming that they tripped and fell. You were asked a question along the lines of does anyone feel that someone necessarily bears some fault in a trip and fall, and you were among a half dozen or so people that, some tentatively, raised their hands.
Juror: Yes.
Counsel: You were asked questions along that line. Let me ask you, you’ve been told a couple times, and will hear it again if you’re picked as a juror in this case, but you have to base your deliberation on what you hear in this case, what you hear and what you see, and the law that Judge Moe gives you at the end. Can you do that?
Juror: I believe I can, yes.
Counsel: The issues are going to be simple in this case. They’re going to be was Lennar at fault, and if so, was Mr. Algie at fault, and the percentage. That’s really what you as a prospective juror’s role might be. Can you answer these questions fairly?
Juror: Yes.
Counsel: Look at what people say, look at pictures, listen to him?
Juror: Yes.
*1138 Counsel: And you don’t think you’ll have any problem serving fairly if, in fact, you’re chosen?
Juror: No.
After all the jurors were questioned, the plaintiffs sought to strike this juror for cause, citing the questions and answers wherein he indicated that, in any slip and fall, the person who falls bears some percentage of fault and his acknowledgment that the plaintiff was automatically a little behind. Lennar’s counsel insisted that the answers had been given in response to leading questions and that, when pressed, the juror indicated he could be fair. The trial court denied the strike and that ruling gives rise to the instant appeal.
“A juror is considered competent if the juror can ‘lay aside any bias or prejudice and render a verdict solely on the evidence presented and the instructions on the law given by the court.’ ” White v. State, 964 So.2d 1278, 1290 (Fla. 2007) (quoting Ault v. State, 866 So.2d 674, 683 (Fla.2003)). “When a party seeks to strike a potential juror for cause, the trial court must allow the strike when ‘there is basis for any reasonable doubt’ that the juror had ‘that state of mind which w[ould] enable him to render an impartial verdict based solely on the evidence submitted and the law announced at the trial.’ ” Carratelli v. State, 961 So.2d 312, 318 (Fla.2007) (quoting Singer v. State, 109 So.2d 7, 23-24 (Fla.1959)). “A juror who initially expresses bias may be rehabilitated during the course of questioning”; however, “doubts raised by initial statements are not necessarily dispelled simply because a juror later acquiesces and states that he can be fair.” Lewis v. State, 931 So.2d 1034, 1039 (Fla. 4th DCA 2006). Courts must consider the totality of a juror’s responses. Id. Any “ambiguities or uncertainties” concerning a juror’s impartiality must be resolved in favor of excusing the juror. Carratelli, 961 So.2d at 318.
Applying these principles to the instant case, we find that the trial court abused its discretion in denying the plaintiffs’ request to strike the juror in question for cause. The juror’s assertion that, in every slip and fall case, the person who falls is at least partially responsible and that this would factor into his decision and would be something that the plaintiff would have to overcome clearly calls into question the juror’s ability to render an impartial verdict. Moreover, while the juror subsequently stated he believed he could be fair, the juror never recanted or receded from his earlier expressed view. Indeed, he was never asked whether he could set aside his belief and simply consider whether the plaintiff was comparatively negligent under the “reasonably prudent man” standard.
Accordingly, the judgment in favor of defendant Lennar is reversed and the matter remanded for a new trial.

Reversed and Remanded.

STONE and HAZOURI, JJ., concur.