997 So.2d 1266 (2009)
Thomas OSBORNE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2983.
District Court of Appeal of Florida, Fourth District.
January 5, 2009.
*1267 Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
DAMOORGIAN, J.
Thomas Osborne appeals his conviction and sentence on the charge of possession of burglary tools. We reverse because the trial court erred in allowing the state, at trial, to introduce irrelevant, highly prejudicial evidence of a gun.
During a routine patrol, two Fort Lauderdale police officers noticed a vehicle in the roadway which appeared to be broken down. They pulled over and approached Osborne, who was inside the vehicle pulling things out of the passenger compartment. Osborne had a screwdriver and pliers in his hand and the vehicle's battery was outside of the vehicle. Then, coincidentally, the officers received notice of a vehicle theft in the area. They realized that the vehicle in front of them matched the description of the stolen vehicle. At that point, they patted Osborne down and discovered a plastic non-functioning toy gun in his right front pocket. Osborne told the officers that he carried the gun for protection.
Osborne was charged with grand theft of a motor vehicle and possession of burglary tools, to wit: a screwdriver. During the state's case at trial, the two police officers testified about the toy gun and the state introduced the gun into evidence. At the first mention of the gun, Osborne's counsel objected, arguing that the gun was irrelevant. The trial court overruled the objection. Then, after the state rested its case, Osborne's counsel renewed his objection and moved for a mistrial on the basis that the gun was irrelevant and highly prejudicial. The trial court denied the motion for mistrial.
Despite the fact that the gun was never mentioned in the information, the state made the following argument during its closing:
What's the physical evidence? The screwdriver, the wrench, the plastic handgun and the photo of the battery.
. . . .
Let's go to charge number two, Possession of Burglary Tools.... Three elements of the crime have to be proved in order to find him guilty. I have to prove all three beyond and to the exclusion of reasonable doubt.... The second element is that Thomas Osborne had in his possession a tool, machine, or implement that he intended to use, or allowed *1268 to be used in the commission of the burglary or trespass. What was that again? The wrench, the flat screwdriver and that plastic handgun. He had all three of those items in his possession.
. . . .
That individual is guilty. Why? Because the State has proved every single one of those elements of Trespass/Burglary. It's the car. He was in the car, the same car that he took. He had the screwdriver. He had the wrench. He had the gun. You saw the picture of the battery on the floor. (emphases added).
The jury found Osborne guilty of possession of burglary tools and not guilty of grand theft of a motor vehicle.
The trial court abused its discretion in allowing the state to introduce the gun into evidence because the gun had no relevance to the crimes with which Osborne was charged. See Nardone v. State, 798 So.2d 870, 874 (Fla. 4th DCA 2001) (the standard for reviewing the admissibility of evidence is abuse of discretion). Relevant evidence tends to prove or disprove a material fact in issue. § 90.401, Fla. Stat. (2007). In the portion of the information that charged Osborne with possession of burglary tools, the state specifically identified the screwdriver as the burglary tool. The gun was never mentioned in the information, and the state presented no evidence at trial that the gun was used to commit the burglary or trespass. See Thomas v. State, 531 So.2d 708, 709 (Fla. 1988) (In order to prove possession of burglary tools, the state must prove "not merely that the accused intended to commit burglary or trespass while those tools were in his possession, but that the accused actually intended to use those tools to perpetrate the crime."). Accordingly, the gun did not tend to prove or disprove any material fact at issue, and was irrelevant to the charge of possession of burglary tools. See Shennett v. State, 937 So.2d 287, 292 (Fla. 4th DCA 2006) (where the defendant was charged with possession of burglary tools, specifically "porcelain pieces" from a sparkplug, evidence of a screwdriver was irrelevant because there was no evidence that the screwdriver was used to burglarize the vehicle and it had no connection with the charged crimes). Moreover, the gun had no relevance to the charge of grand theft of a motor vehicle because the state presented no evidence that Osborne used the gun during the alleged vehicle theft.
Admission of the gun evidence was not harmless error because the state specifically argued that the gun was proof that Osborne was guilty of possessing burglary tools. "The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction." State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). The focus is on how the error affected the trier of fact. Id. at 1139.
There is a strong possibility that the introduction of the gun, magnified by the state's highly inappropriate closing arguments, affected the jury's verdict in this case. The state misled the jury into thinking that the gun was evidence that Osborne was guilty of possessing burglary tools. Moreover, although the gun was a toy, Osborne was prejudiced by the state's repeated emphasis that he was carrying a gun at the time that he allegedly committed the crimes. Admission of the irrelevant, highly prejudicial gun evidence was *1269 harmful error. Accordingly, we reverse and remand.
Reversed and remanded.
FARMER and KLEIN, JJ., concur.