GILLESPIE, KENNETH L., Associate Judge.
Appellant, Audra Poland (hereinafter, “Poland”), appeals a jury verdict which awarded her a fractional percentage of damages she sought as a result of injuries sustained in an automobile accident. The appellee, Susan Zaccheo (hereinafter, “Zaccheo”) admitted negligence in causing the accident, but disputed the degree of Poland’s injuries and damages claimed as a result. On appeal, Poland contends that the trial court erred by limiting cross-examination of Zaccheo’s medical expert and by denying her request for a jury instruction pursuant to Stuart v. Hertz Corp.[1] We agree in part, and reverse. Based on the record, we find that the trial court’s denial of full cross-examination of Zaccheo’s medical expert regarding the proximate cause of Poland’s injuries and resulting surgeries warrants reversal. We do not address the propriety of the trial court’s refusal to give the requested jury instruction.[2]
On February 17, 2006, Poland and her daughter were driving home from a relative’s baseball game. Poland testified that when they came to a stop near an intersection, Zaccheo’s SUV impacted the rear of Poland’s automobile. Following the automobile accident, Poland complained of pain in her back and neck. After months of continued soreness, Poland took the advice of an orthopedic physician and had a disco-gram performed in December, 2006. After the surgery, the pain in Poland’s back, which was not operated on, became consistently worse. Even after having surgery performed on her lower back, Poland continued to experience severe back pain and constant muscle spasms.
At Poland’s trial to recover from Zac-cheo for her injuries, Zaccheo called a board-certified orthopedic surgeon to opine that the automobile accident had caused only a temporary cervical strain on Poland and that the majority of Poland’s injuries were attributable to preexistent disc bulges and degeneration associated *135 ■with her morbid obesity.[3] Zaccheo’s witness concluded that Poland suffered no permanent injuries to her neck or back as a result of the accident and would have no need for future treatment.
On cross-examination, Poland’s attorney attempted to question Zaccheo’s witness on his opinion as to whether Poland’s surgeries were related to the automobile accident. In this regard, the following exchange occurred sidebar:
Mr. Thompson [plaintiff]: Your Hon- or, this was asked in direct examination .... He asked. He said they had the surgery, and if the surgery was related to the automobile accident. So now I have to ask him what his opinion what that surgery was related to, if it is not relating to the automobile accident.
Mr. Berger [defense]: Okay. Your Honor, at that point—
Mr. Thompson [plaintiff]: He didn’t—
Mr. Berger [defense]: Wait a second. Guess what, at that point — it didn’t matter what type of surgery — at that point, I’m going to go into the 69-page opinion of the AMA that says that it’s a worthless surgery.
Mr. Thompson [plaintiff]: That’s hearsay.
Mr. Berger [defense]: It’s a fraudulent surgery.
Mr. Thompson [plaintiff]: It’s inadmissible—
Mr. Berger [defense]: And it’s what the AMA tells the doctors. It’s why Medicare will not pay for them.
The Court: Okay. What other areas do you have?
Mr. Thompson [plaintiff]: Your Hon- or, my last area is the surgery, because he got into it.
The Court: Is that what he is here to offer as—
Mr. Thompson [plaintiff]: It’s a major question about whether the surgery is related. Now, I have to ask him what the surgery is related to, if it is not related to the accident. It is clear that she had the surgeries, there is an ongoing impairment. He gave her an impairment rating—
Mr. Berger [defense]: He is going—
Mr. Thompson [plaintiff]: — from the surgery—
Mr. Berger [defense]: — medical malpractice by doing the surgery. That’s the road we are going down.
Mr. Thompson [plaintiff]: He’s making it that, because he had his doctor say it wasn’t related to the accident.
The Court: I am going to sustain the objection.
Thereafter, Poland’s attorney concluded his cross-examination and Zaccheo’s attorney conducted a re-direct examination, eliciting the witness’s testimony that it would be unusual or very improbable for a person to get multiple-level disc injuries from a car accident, and that there was another proximate cause for Poland’s impairment and injury.
The jury found both Zaccheo and Poland negligent, assigning Zaccheo 90% of the blame and Poland 10%. The jury awarded Poland $10,000 for past medical expenses and $4,400 for past lost earnings. Concluding that Poland did not sustain a permanent injury within a reasonable degree of medical probability as a result of the accident, the jury found no future medical expenses or lost earnings. Additionally, the *136 jury did not award any damages for pain and suffering.
We review trial court decisions as to the scope of cross-examination on an abuse of discretion standard. See McCoy v. State, 853 So.2d 396, 406 (Fla.2003). “Cross-examination of a witness is limited to the subject matter of the direct examination and matters affecting the credibility of the witness. The court may, in its discretion, permit inquiry into additional matters.” § 90.612(2), Fla. Stat. (2008); see also Boyd v. State, 910 So.2d 167, 185 (Fla.2005):
[Wjhen the direct examination opens a general subject, the cross-examination may go into any phase, and may not be restricted to mere parts ... or to the specific facts developed by the direct examination. Cross-examination should always be allowed relative to the details of an event or transaction a portion only of which has been testified to on direct examination. As has been stated, cross-examination is not confined to the identical details testified to in chief, but extends to its entire subject matter, and to all matters that may modify, supplement, contradict, rebut or make clearer the facts testified to in chief.
Coco v. State, 62 So.2d 892, 895 (Fla.1953) (quoting 58 Am. Jur. Witnesses, § 632, at 352 (1948)).
Here, the trial court judge limited the scope of the cross-examination of Zae-cheo’s final witness on the proximate cause of Poland’s injuries. At a minimum, we find that the lower court should have allowed Poland’s attorney to fully explore the witness’s opinion regarding the causation of Poland’s injuries in order to effectively refute the notion that Poland’s damages were not proximately caused by the accident. Since the trial court foreclosed Poland’s attempt to negate this notion, the witness’s theory was left unchallenged and could have led to the jury’s awarding Poland only a fractional portion of the damages she sought.[4]
As such, we concur with Poland that the trial court abused its discretion in denying full cross-examination. As stated in Stotler v. State, “[i]f a portion of a transaction ... or event is brought out on direct examination, the remainder can be brought out on cross-examination.” 834 So.2d 940, 943 (Fla. 4th DCA 2003); see also Fleming v. Albertson’s Inc., 535 So.2d 682, 684 (Fla. 1st DCA 1988) (“It is well settled that a party against whom a witness is called is entitled to full and fair cross-examination of that witness upon a subject opened in direct examination.”); Boyd, 910 So.2d at 185 (“As has been stated, cross-examination is not confined to the identical details testified to in chief, but extends to its entire subject matter, and to all matters that may modify, supplement, contradict, rebut or make clearer the facts testified to in chief....”).
Accordingly, we hold that while a trial judge may impose reasonable limitations on cross-examination, the trial judge must nonetheless permit full and fair cross-examination of matters testified to on direct *137 examination. We find that the trial court’s denial of full cross-examination of Zac-cheo’s medical expert regarding the proximate cause of Poland’s injuries and resulting surgeries, which was a central and contested issue at trial, warrants reversal.

Reversed and remanded for a new trial.

POLEN and CONNER, JJ., concur.

. Stuart v. Hertz Corp., 351 So.2d 703 (Fla.1977).

. The trial court will be tasked with determining which jury instruction should be given, appropriately, based on the evidence presented at trial.

. According to Zaccheo's witness, Poland’s height and weight (5'5.5" and 234 pounds) qualified her as morbidly obese.

. The element at issue in Zaccheo's witness's cross-examination testimony was causation. For causation, "the plaintiff must show: 1) that the wrongful conduct in fact caused his injuries; and 2) that the resulting accident was a reasonably foreseeable consequence of the defendant's conduct.” Thomas D. Sawaya, Fla. Personal Injury & Wrongful Death Actions § 3:2 (2008-2009 ed.). It is the plaintiff's burden to prove that the damages are related to the injury. See id. § 3:10 ("As a general rule, the plaintiff has the burden of proving all of the essential elements of a negligence action including proximate causation. He is the one that makes the claim against the defendant and he is the one that must prove his allegations or fail in his attempt to recover.”).