SUAREZ, J.
Hosea Mack seeks to reverse a final judgment and conviction. We affirm.
Mack seeks a new trial, arguing the trial court reversibly erred when it allowed the prosecution’s expert fingerprint witness to testify that certain latent fingerprints taken at a crime scene two years earlier matched the defendant’s fingerprints, without having authenticated the latents with the testimony of the police detective who actually lifted the prints at the crime scene. We review the trial court’s evidentiary rulings for abuse of *1012 discretion. Roosevelt v. State, 42 So.3d 293, 297 (Fla. 3d DCA 2010) (holding that a trial court’s admission of evidence will not be disturbed on appeal absent a clear abuse of discretion); accord H & H Elec., Inc. v. Lopez, 967 So.2d 345, 347 (Fla. 3d DCA 2007). After reviewing the record, we conclude that the trial court did not abuse its discretion to allow the latent fingerprints into evidence.
The State did not rely solely on fingerprint evidence to establish guilt,[1] and the latents were admissible because the State laid sufficient predicate to support a finding that the documents were, in fact, what they purported to be, and that there was no evidence of tampering or of any break in chain of custody.[2] In determining whether the evidence submitted is sufficient for this purpose, the trial judge must evaluate each instance on its own merits, there being no specific list of requirements for such a determination. Unless clearly erroneous, the trial court’s determination will be sustained. The State’s showing was sufficient to establish that the latent fingerprint cards were what the State claimed them to be. See Daniels v. State, 634 So.2d 187, 192 (Fla. 3d DCA 1994) (citing Justus v. State, 438 So.2d 358, 365 (Fla.1983)).
Affirmed.

. The two most directly affected witnesses immediately identified the defendant from photo lineups and in court.

. Section 90.901, Florida Statutes (2010), requires the authentication or identification of a document prior to its admission into evidence. The requirements of this section are satisfied by evidence sufficient to support a finding that the document in question is what its proponent claims. Authentication or identification of evidence may include examination of its appearance, contents, substance, internal patterns, or other distinctive characteristics in conjunction with the circumstances. See Coday v. State, 946 So.2d 988, 1000 (Fla.2006).