On Motion for Rehearing

WARNER, J.
We deny appellant’s motion for rehearing, withdraw our previously issued opinion, and substitute the following in its place.
Mayuris Disla appeals a final judgment in her claim for injuries she suffered as a passenger in an auto accident, in which the jury found her to be 90% negligent for failing to wear a seatbelt and awarded her substantially less in medical expenses than she claimed. She raises multiple issues of trial court error, including: 1) error in denying a challenge for cause and in eon-ducting a Melbourne [1] challenge in jury selection; 2) abuse of discretion in permitting admission of irrelevant matters on cross-examination of plaintiffs treating physician; 3) abuse of discretion in allowing presentation of undisclosed opinions by a defense expert; 4) abuse of discretion in preventing impeachment of the defense seatbelt expert by comparing the plaintiffs injuries to the defendant’s injuries; and 5) abuse of discretion in denying defendant’s medical records from being admitted. We conclude that the issues either were not properly preserved for appeal or were not an abuse of discretion.
The accident giving rise to this incident occurred when defendant Joseph Blanco was driving plaintiff Disla home late one night. Blanco had a seizure and lost control of the vehicle, going over two curbs, swiping a tree, and running into a house. Disla suffered a broken neck in the accident. She had cervical fusion surgery on her neck. Later, her attorney referred her to a pain management specialist, who then referred her to a neurosurgeon for a second, larger fusion surgery. The three main issues at trial were: 1) whether the accident was the result of Blanco’s loss of consciousness due to his seizure, of which condition he was unaware, thus negating his negligence; 2) whether Disla was not wearing a seatbelt which significantly increased her injuries; and 3) the reasonable necessity and reasonable cost of Disla’s past and future treatment.
At trial, Disla presented her medical experts, and Blanco presented his experts, including a seatbelt expert; however, there was little disagreement as to what happened in the accident. The jury found both parties to be the legal cause of damage to Disla, but apportioned 90% of the fault to Disla and 10% to Blanco. The jury awarded $115,325 in past and $40,000 *401 in future economic damages, as well as $25,000 in each past and future non-economic damages, for total damages of $205,325. After allocating the percentages of fault and reducing the amount by PIP benefits, the court entered judgment in favor of Disla for $10,532.50, plus costs.
Disla filed this appeal raising multiple issues. She first claims that the court erred in denying a challenge for cause to one juror and erred by failing to make a complete Melbourne analysis when the defense exercised a peremptory challenge to another juror, an African-American. As to the Melbourne challenge, this was not preserved, because counsel failed to renew his objection to the defense’s exercise of the peremptory challenge prior to the swearing of the jury. See Melbourne, 679 So.2d at 765.
As to the challenge for cause, we review the trial court’s discretionary decision regarding a challenge for cause for “manifest error.” Carratelli v. State, 961 So.2d 312, 319 (Fla.2007). “The appellate court examines the record, keeping in mind that the trial court ‘has a unique vantage point in the determination of juror bias’ that is unavailable to us in the record.” Id. (quoting Smith v. State, 699 So.2d 629, 635-36 (Fla.1997)).
“ ‘The test for determining juror competency is whether the juror can lay aside any bias or prejudice and render his verdict solely upon the evidence presented and the instructions on the law given to him by the court.’ ” Id. at 318 (quoting Lusk v. State, 446 So.2d 1038, 1041 (Fla.1984)). “When a party seeks to strike a potential juror for cause, the trial court must allow the strike when ‘there is basis for any reasonable doubt’ that the juror had ‘that state of mind which w[ould] enable [the juror] to render an impartial verdict based solely on the evidence submitted and the law announced at the trial.’ ” Id. (quoting Singer v. State, 109 So.2d 7, 23-24 (Fla.1959)).
However, “[a] juror who initially expresses bias may be rehabilitated during the course of questioning. Nevertheless, doubts raised by initial statements are not necessarily dispelled simply because a juror later acquiesces and states that he [or she] can be fair.” Lewis v. State, 931 So.2d 1034, 1039 (Fla. 4th DCA 2006) (citing Carratelli, 832 So.2d at 854). “To determine if a juror has dispelled all reasonable doubts about impartiality, a reviewing court must look at the entirety of the juror’s voir dire.” Id. (citing Scott v. State, 825 So.2d 1067, 1070 (Fla. 4th DCA 2002)). “If the juror declares and the court determines that the juror ‘can render an impartial verdict according to the evidence,’ a challenge for cause should not be granted.” Dorsey v. Reddy, 931 So.2d 259, 265 (Fla. 5th DCA 2006) (quoting Guzman v. State, 934 So.2d 11, 15 (Fla. 3d DCA 2006)).
In this case, the attorneys questioned the prospective jurors regarding seatbelt use. While discussing comparative negligence, Disla’s counsel asked whether any of the jurors felt that, if there was evidence that plaintiff was not wearing her seat belt, they “would automatically find that she was negligent.” The juror in question responded that she could follow the law but thought that someone not wearing a seatbelt would have to be negligent. She then clarified her response that she would follow the law, although in response to a further question she stated that, without hearing any evidence, she felt that someone who did not wear a seatbelt would be negligent to some degree, “but the percentage of it depends on what comes out at trial.” The attorney did not explain to the jury the distinction between negligence and evidence of negligence.
*402 Defense counsel asked the juror: “in determining whether the seatbelt was used and whether it is the cause of the injury, will you listen to the evidence as opposed to just right now making a decision[?]” The juror readily admitted that she would and stated that she would “listen to the evidence to determine what role it plays in this case.” She explained, “What I said was if it is determined that the seat belt was not used, then I have to say that that was a contributing factor in the injuries.” She continued: “I’m saying if it is shown at trial that a seat belt was not used, then in my mind, that is a contributing factor in the injuries sustained. The amount, the percentage, depends on what the evidence is, what is introduced at trial.” She stated that she would “[mjost definitely” listen to the evidence and would be fair in that regard.
The trial court did not abuse its discretion in denying the challenge for cause. The juror’s opinion fairly accurately — at least in layperson’s terms — described the seatbelt defense, which treats the failure to use a seatbelt as an issue of comparative negligence and reduces damages by the percentage of negligence found by the jury. See Ridley v. Safety Kleen Corp., 693 So.2d 934, 944 (Fla.1996) (when jury is considering whether plaintiff was negligent, jury should consider lack of seatbelt use as comparative negligence and calculate a percentage for comparative negligence which should be used to reduce total jury award). She stated that she would follow the law and would listen to the evidence presented. The distinction between treating the failure to use a seatbelt as evidence of negligence, rather than negligence itself, was left unexplained and is too fine a point of law for a lay person to grasp without explanation. There is competent substantial evidence that the juror could be fair and would listen to the evidence and follow the law.
This case is not like Algie v. Lennar Corporation, 969 So.2d 1135 (Fla. 4th DCA 2007), in which a juror expressed a belief that, in all slip and fall cases, the person who fell was at least partially responsible for the fall and would bear some of the responsibility, regardless of the circumstances. Unlike Algie, the juror in this case simply expressed a view that follows the law. She prefaced the entire discussion by stating that she would follow the law. And she affirmed that she would listen to the evidence and her conclusion would be based on the evidence presented at trial. There is no manifest error in denying the challenge for cause.
In her next issue, Disla claims that the trial court erred in overruling objections to defense counsel cross-examining her neurosurgeon regarding his refusal to accept insurance, Medicare reimbursement rates, and his extensive practice in a type of surgery of disputed efficacy, which was not the surgery performed in this case. As to most of this cross-examination, counsel objected on the grounds of relevance and materiality. As to mentions of Medicare, counsel objected that it was injecting insurance into the ease.
A trial court has broad discretion in determining the relevance of evidence, and its rulings will not be disturbed absent an abuse of discretion. See Jacobs v. State, 962 So.2d 934, 936 (Fla. 4th DCA 2007) (citing Heath v. State, 648 So.2d 660, 664 (Fla.1994)); Nardone v. State, 798 So.2d 870, 874 (Fla. 4th DCA 2001).[2] We cannot conclude that the trial court abused *403 its discretion in allowing the defense to question the doctor on these subjects. The doctor had testified on direct to his extensive practice and qualifications, and the questions regarding the types of surgery he performed were relevant to that issue. The fact that he did not accept insurance was brought up in connection with the extent of the doctor’s extensive medical litigation practice. Finally, counsel did not object to the cross-examination with respect to Medicare rates, except on hearsay grounds to the document containing rates and codes, and his objection was sustained. Counsel did not object to the specific questions regarding the actual rates. Furthermore, the trial court sustained several of counsel’s objections, yet counsel never moved for a mistrial, thus failing to preserve those objections for appeal. See Durse v. Henn, 68 So.3d 271, 274 (Fla. 4th DCA 2011).
Disla complains that Blanco’s expert on seatbelts was permitted to give an opinion he had not disclosed in his deposition, which she argued constituted an abuse of discretion, relying on Menard v. University Radiation Oncology Associates, LLP, 976 So.2d 69, 71 (Fla. 4th DCA 2008) (“[I]t is an abuse of discretion to allow a party at trial to change ... the substance of testimony given in pretrial discovery.”). On the affirmative defense of failure to use a seatbelt, Blanco presented an expert on biomechanics who gave the opinion that Disla was not wearing her seatbelt, based upon her injuries and the biomechanics of the accident. Disla claims that the expert’s testimony amounted to a surprise opinion regarding the speed or range of delta forces in the accident, an opinion which he had not given in his deposition. While defense counsel sought to elicit this testimony on direct examination, the trial court sustained Disla’s objection. However, during cross-examination, Disla’s counsel asked the expert multiple questions regarding speed, to which the expert responded that his opinions were based upon a range of rates of change of speed, or delta-v’s. On redirect, defense counsel again asked the expert what his range of delta-v’s for the accident was, to which, the expert responded “15-18 miles per hour.” Disla’s counsel again objected, but the trial court overruled the objection on the ground that Disla’s cross-examination opened the door to the question and answer. We agree. Counsel’s cross-examination invited the answers given by the expert that his opinions were based upon a range of speed. Asking in rebuttal what that range was merely gave the jury a more complete answer to the questions asked on cross.
In addition, we fail to see how this was a change in opinion. At his deposition, the expert testified that he did not know the exact speed of the vehicle, but he did testify that the impact was not a minor one. At trial, he testified on direct that the impact was a moderate speed impact, which was thus consistent with his testimony in his deposition that the impact was not minor. His testimony to the range of speed on redirect at trial attempted only to explain, rather than change, his deposition testimony and his prior direct testimony.
Moreover, Disla did not establish how she was prejudiced by the introduction of this evidence. The speed of the vehicle or the change in delta forces was not a controverted issue at trial. The estimate of speed was relatively consistent with Disla’s own expert’s assumption in developing his opinion that, based upon a search of a national database, Disla could have received the same injuries even if she had been wearing her seatbelt. However, Dis-la apparently decided not to have her expert testify.[3] For all these reasons, we *404 conclude that the court did not reversibly err in its rulings, and no procedural prejudice has been shown.
To attempt to counter the expert’s testimony that Disla would not have suffered any serious injury had she been wearing her seatbelt, Disla attempted to cross-examine the expert by asking him about the injuries to Blanco, who was wearing his seatbelt in the crash. The trial court sustained the defense objection to the line of questioning on the ground that it was beyond the scope of direct examination, and the expert was not familiar with the injuries to Blanco.
Limitations on cross-examination are within the sound discretion of the trial court. Poland v. Zaccheo, 82 So.3d 133, 136 (Fla. 4th DCA 2012). It is unclear from the record exactly what Disla sought to prove in this exchange with the expert. No proffer was made of what injuries Blanco suffered or how they would impact the opinions of the expert. Without this, we cannot conclude that the trial court abused its discretion in disallowing this line of questioning.
We need not dwell long on Disla’s claim that the trial court erred in disallowing entry of a medical record which would support her claim that Blanco knew about his seizure disorder. The court instructed the jury that it should find Blanco not negligent if he suffered a sudden loss of consciousness, but that Blanco could be negligent if he knew before the accident that he could suffer such a loss of consciousness. This finding was consistent with a recorded statement that Blanco had given to an insurance investigator after a prior accident, in which Blanco admitted to being concerned that the prior accident revealed a seizure disorder for which he would have to continue treatment. As the jury found Blanco negligent, it obviously also found that he had knowledge of his seizure disorder. Thus, reversal is not required where the verdict is consistent with the excluded evidence.
We find no merit in the remaining issues on appeal.
For the foregoing reasons, we affirm the final judgment.
GROSS, J., and STONE, BARRY J., Senior Judge, concur.

. Melbourne v. State, 679 So.2d 759 (Fla.1996).

. Although on appeal Disla argues that references to insurance and the like violated the collateral source rule, she did not make this argument at trial. Indeed, it was clear that Disla had no insurance and was liable for all charges to her doctors.

. We are told in the initial brief that he didn’t testify because they ran out of time, but there *404 is nothing in the record to support that statement. Apparently, counsel intended to read his deposition, as the court and counsel reviewed multiple objections made during the deposition. Nevertheless, the record contains no reading of the deposition or live testimony of the expert.