DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RODNEY CLARK,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3166

[January 9, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 502012CF013686A.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Brooke Moody, Attorney General, Tallahassee, and Paul Patti, III, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Rodney Clark was convicted of first-degree murder in a case that went cold for a quarter century. Clark raises several issues on appeal, and we affirm without comment on all but one. Clark asserts that the trial court erred in admitting a latent fingerprint card into evidence over his objection, and in allowing a witness who did not create the card to read from it during trial. For the reasons stated below, we find no error in the trial court's rulings and affirm Clark's conviction.

In 1987, Dana Fader was found dead in her vehicle where someone strangled her with a rope until she died from asphyxiation. As the authorities investigated and collected evidence at the crime scene, Detective Michael Waites observed a latent fingerprint on Fader's passenger-side rear window. The lead crime scene investigator Sergeant Robert Cook lifted the print from the window and compiled a fingerprint card. In addition to the print itself, Sergeant Cook wrote other notations on the card, including the date, case number, victim's name, and the location on the vehicle where the print was lifted.

Fader's murder went unsolved for twenty-five years—until the authorities tested DNA obtained from a substance on her dress, and the results generated a match with Clark's DNA profile, which led to his arrest.

In August of 2017—approximately thirty years after the murder—Clark's case proceeded to trial. In the intervening years, Sergeant Cook passed away. Because of his unavailability, the State offered the testimony of several other witnesses in his absence. Detective Waites testified to the contents of the latent print card and how such evidence was collected. Over objection, the trial court admitted the latent print card into evidence. Another witness, latent print examiner Gary Mosely, testified that he was assigned to the case in 2006, and discussed the general process of examining latent prints. During his testimony, the trial court permitted Mosely to refer to notations on the back of the card written by Sergeant Cook, which indicated that the print was lifted from the outside of the passenger-side rear window of Fader's vehicle.

Defense counsel then filed a motion to strike and to declare a mistrial. She argued, among other things, that the latent print card (and other items collected by Sergeant Cook) was inadmissible on grounds of improper foundation, chain of custody, relevance, hearsay, and violation of the Confrontation Clause. These motions were denied. Clark was found guilty of the murder and sentenced to life in prison. This appeal followed.

"The standard of review for admissibility of evidence is abuse of discretion." *Nardone v. State*, 798 So. 2d 870, 874 (Fla. 4th DCA 2001). "However, a trial court's discretion is limited by the rules of evidence." *Id.*

"Evidence may be authenticated by appearance, content, substance, internal patterns, or other distinctive characteristics taken in conjunction with the circumstances." *Symonette v. State*, 100 So. 3d 180, 183 (Fla. 4th DCA 2012) (quoting *Jackson v. State*, 979 So. 2d 1153, 1154 (Fla. 5th DCA 2008)). "Unless clearly erroneous, the trial court's determination will be sustained." *Daniels v. State*, 634 So. 2d 187, 192 (Fla. 3d DCA 1994). Here, the State laid a sufficient predicate through the testimony of Detective Waites and print examiner Mosely to support that the latent prints were what they were purported to be. *See Mack v. State*, 106 So. 3d 1011, 1012 (Fla. 3d DCA 2013) (no error where the State authenticated and linked latent fingerprint evidence to the case through the testimony of an expert fingerprint witness, but not the actual detective who lifted the prints at the crime scene). Additionally, there was no evidence of tampering or any break in the chain of custody. Therefore, the court did not abuse its discretion in allowing the prints into evidence. *See id.*

2

The trial court also did not abuse its discretion in ruling that the latent print card was relevant. Detective Waites testified he saw a latent print on Fader's vehicle and alerted Sergeant Cook to its existence. Even if the notation about where this print was lifted from the vehicle was redacted, as the defense requested, the other notations on the card, along with the print itself, tended to establish its relevance to the instant case. Because broad discretion rests with the trial court in determining whether evidence is relevant, we will not overturn such rulings absent a clear abuse of discretion. *See Poole v. State*, 151 So. 3d 402, 414 (Fla. 2014).

We do not reach the issue of whether admission of the identifying information on the fingerprint card (the victim's name, the crime date, and the location of the print) was error under either the business records exception to the hearsay rule in section 90.803(6), Florida Statutes (2017), or the Confrontation Clause. Any such errors, if preserved, are subject to a harmless error analysis. *See Corona v. State*, 64 So. 3d 1232, 1241 (Fla. 2011). A harmless error analysis requires this court to "determine whether 'there is a reasonable possibility that the error affected the verdict.'" *Id.* at 1243 (quoting *State v. DiGuilio*, 491 So. 2d 1129, 1139 (Fla. 1986)). The burden to show that the error was harmless is on the State. *See id.* "If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful." *DiGuilio*, 491 So. 2d at 1139.

Based on the totality of the circumstances in this case, we are persuaded beyond a reasonable doubt that the admission of the fingerprint card information did not affect the jury's verdict. Detective Waites testified from his firsthand knowledge about the victim's name, the date of the investigation, and the location of the print due to his presence at the crime scene in 1987. Accordingly, any error in admitting the card or its notations into evidence had no reasonable possibility of affecting the verdict and was therefore harmless given the other evidence presented at trial. *See Barnes v. State*, 29 So. 3d 1010, 1027–28 (Fla. 2010); *DiGuilio*, 491 So. 2d at 1135.

We, therefore, affirm on all issues.

*Affirmed.*

GERBER, C.J., and FORST J., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**