838 So.2d 641 (2003)
Robert BARNES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-1990.
District Court of Appeal of Florida, Fifth District.
February 28, 2003.
James B. Gibson, Public Defender, and Meghan Ann Collins, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Patrick W. Krechowski, Assistant Attorney General, Daytona Beach, for Appellee.
TORPY, J.
Appellant was one of two passengers in the back seat of a vehicle traveling in bumper to bumper traffic during a special event in Daytona Beach. Officers approached the vehicle on foot, noting a violation of the traffic laws. As the officers got close to the vehicle, they smelled the odor of cannabis and observed Appellant and another passenger placing clear baggies of green leafy substance into a cigar box. When Appellant was confronted by the officers, he threw the box into the back window area of the vehicle. The box was subsequently retrieved by the officers and found to contain ten individually wrapped baggies of marijuana and $4,476 in United States currency. Appellant was charged with possession of marijuana with intent to sell. Appellant testified at his trial that he worked for his father as a plasterer, and that his father always paid him in cash. He said that he carried the large amount of cash because he did not maintain a checking account or have a credit card. The jury convicted Appellant as charged.
The sole issue on appeal is whether Appellant's timely motion for judgment of acquittal should have been granted. Appellant argues the evidence was insufficient to support a jury finding on the intent element. We affirm.
We believe the circumstantial evidence in this case was sufficient to deny Appellant's motion for judgment of acquittal and submit the case to the jury. Willingham v. State, 781 So.2d 512 (Fla. 5th DCA 2001) (small amount of cocaine together with $330 in cash and scale sufficient to create jury issue); Melton v. State, 824 So.2d 948 *642 (Fla. 1st DCA 2002) (small amount of crack cocaine located in proximity to firearm sufficient to create jury issue).
McCullough v. State, 541 So.2d 720 (Fla. 4th DCA 1989), relied upon by Appellant, is distinguished.[1] There, the only circumstantial proof of intent to sell was the possession of 15 cocaine rocks packaged together. The court noted that no cash was found on McCullough's person and there was no other circumstantial proof of an intent to sell. Here, conversly, the separate packaging of the drugs, coupled with the fact that the drugs and cash (a substantial sum) were kept together, supports the inference that Appellant intended to sell the drugs. Although Appellant offered some explanation as to why he had over $4,000 in a cigar box with numerous bags of drugs, it was for the jury to determine whether to accept his explanation.
AFFIRMED.
GRIFFIN and PLEUS, JJ., concur.
NOTES
[1] Appellant also cites Jackson v. State, 818 So.2d 539 (Fla. 2nd DCA 2002). Even assuming that we agree with Jackson, it too can be distinguished.