PER CURIAM.
We affirm appellant’s conviction of dealing in stolen property. There was sufficient evidence that appellant pawned a DVD player which he knew, or should have known, was stolen. . Appellant told a detective that “he knew that it )vas stolen and that he made a mistake.” Appellant’s story was that the DVD player was received by his friend as payment in a drug transaction, and that he knew he was taking a risk in pawning the item. Receiving property as payment for illegal drugs is the type of “unusual manner of acquisition” that tends to show guilty knowledge in a dealing in stolen property case. See Bertone v. State, 870 So.2d 923, 924 (Fla. 4th DCA 2004).
We revei’se appellant’s conviction of giving false verification of ownership to a pawn broker, contrary to section 539.001(8)(b)(8)(a), Florida Statutes (2004). The court’s instruction to the jury failed to indicate that false verification of ownership must be knowingly given in order, for there to be a conviction. See Wiley v. State, 830 So.2d 889 (Fla. 1st DCA 2002).

Affirmed in part, reversed in part, and remanded for a new trial.

STONE, GROSS and HAZOURI, JJ., concur.