KLEIN, J.
Appellant appeals his conviction for the first degree premeditated murder of his *1285 wife, arguing that a document found in his car indicating anger at his wife was not relevant. Without the document, he contends, he might well have been convicted of a crime of a lesser degree. We affirm.
The murder occurred shortly after appellant came to see his wife, from whom he was separated, and it took place outside of the house where she was staying. It was undisputed that he shot and killed her. The testimony of the medical examiner indicated that she died of multiple gunshot wounds consistent with the first shot entering her stomach, then the next three shots entering her back after she had turned and fled, and a final shot striking her when she was on the ground.
After the shooting, appellant left the scene in his truck, but was quickly apprehended. Among the things found in the truck were two unsigned, unaddressed writings. Some of the statements in the writings were: “Bitch, you think you are struggling now,” “this is going to keep happening to you, it’s going to get worse for you,” “so, call on some of your broke-ass,” “You have low self-esteem, compulsive lying, manipulating, good for nothing, wore-out ass,” “I hate I ever met your ignorant dumb-founded, ghetto-assed bitch.”
The state argued that the documents were relevant in order to show that the appellant was angry at his wife and as to intent or premeditation. The court initially deferred ruling on the admissibility, but allowed the statements in after appellant testified.
Appellant acknowledged that he and his wife had been contemplating a dissolution of their marriage, that they had been separated, and that she was living with her mother. When he went to see her that day, he explained, he was not angry with her, and they were merely discussing how to implement their dissolution, when she told him she had been sleeping with another man. At that point, he testified, he lost his mind and had no memory of what happened after that. The court then concluded that the writing was admissible to refute appellant’s testimony that he was not angry when he went to see his wife, and that he did not intend to kill his wife.
Appellant admitted that the document appeared to be in his handwriting, but said he did not remember writing it and could not explain it. He argues that, because the writing does not show to whom it was directed, it was inadmissible. He relies on cases such as Rozier v. State, 636 So.2d 1386 (Fla. 4th DCA 1994), which hold that threats to witnesses must be connected to the defendant by clear and convincing evidence to be relevant. That is not the standard applicable in this case, which does not involve such a threat. Here, the defendant admitted that the handwriting was similar to his handwriting. In addition, the note reflected anger at a female, and his wife had moved out. Our standard of review for a determination that evidence is relevant is abuse of discretion. Nardone v. State, 798 So.2d 870 (Fla. 4th DCA 2001). We cannot say that this evidence was irrelevant as a matter of law or that the prejudice outweighed its probative value.

Affirmed.

WARNER and HAZOURI, JJ., concur.