939 So.2d 1175 (2006)
Antwuan SNELL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-3602.
District Court of Appeal of Florida, Fourth District.
October 25, 2006.
*1177 Carey Haughwout, Public Defender, and John M. Conway, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Antwuan Snell appeals his multiple convictions, including ones for trafficking in cocaine, aggravated fleeing and eluding, and two counts of leaving the scene of an accident with injuries. Snell claims that the trial court erred in admitting his statement connecting him to the cocaine, because *1178 the state had not established the corpus delicti before its admission. He also claims that numerous evidentiary errors cumulatively denied him a fair trial. We conclude that the court did not err in admitting his statement, and the alleged evidentiary errors were either not error, not preserved, or were harmless. We affirm.
Two Fort Lauderdale police officers noticed a vehicle with dark tinted windows. They activated their lights to stop the vehicle for the equipment violation, but the vehicle took off. Rather than engage in a high speed chase, they turned off their lights but observed the vehicle continue at a high rate of speed and ultimately crash into another vehicle. The crash was of such force as to throw both occupants of the other vehicle out of the car and onto the pavement.
The officers pulled up and saw defendant Snell, whom they identified as the driver, crawling over his unconscious passenger out the passenger side window. He took off running, but one officer caught him almost immediately, took him to the ground, and handcuffed him. EMT personnel arrived to assist the injured victims. The other officer checked Snell's passenger. When he did, he observed a plastic bag containing cocaine on the front seat in the middle of the car. Officers searched Snell and found a wad of small bills totaling $2010 in his pocket.
Snell complained of foot pain, and the officers transported him to the same hospital where the injured victims from the other vehicle were taken. Both during the trip to the hospital and at the hospital, Snell was talkative. In fact, at the hospital he provoked a confrontation with the family of one of the victims with some of his comments and his laughing. During this time, he continued to talk and told one of the officers, using expletives, that they could keep his cocaine but he wanted his money back.
The state ultimately charged Snell with trafficking in cocaine, as the amount of cocaine seized was 29.2 grams, as well as aggravated fleeing and eluding, two counts of leaving the scene of an accident with injuries, leaving the scene of an accident with property damage, misdemeanor reckless driving, and having no valid driver's license. The jury convicted him of all charges. The court sentenced Snell to thirty years in prison on the trafficking count, fifteen years on the aggravated fleeing and eluding, five years on the counts for leaving the scene of an accident with injuries, and time served on the remaining counts.
On appeal, Snell contends that the court erred in allowing the state to introduce his admission of ownership of the cocaine before establishing the corpus delicti of the crime. "Ordinarily, proof of the corpus delicti of the crime charged is required before a confession or admission against interest may be received in evidence." Garmon v. State, 772 So.2d 43, 46 (Fla. 4th DCA 2000). Specifically, the state has to prove:
(1) that a crime of the type charged was committed; and (2) that the crime was committed through the criminal agency of another. In regard to the first partthat a crime was committed each element of the relevant offense must be shown to exist. With respect to the second partthe criminal agency of anotherthe proof need not show the specific identity of the person who committed the crime. That is, it is not necessary to prove that the crime was committed by the defendant.
Franqui v. State, 699 So.2d 1312, 1317 (Fla.1997) (citations omitted). The primary function of this requirement is to protect the defendant "from being convicted *1179 of a nonexistent crime due to `derangement, mistake or official fabrication.'" Baxter v. State, 586 So.2d 1196, 1198 (Fla. 2d DCA 1991) (quoting State v. Allen, 335 So.2d 823, 825 (Fla.1976)).
However, corpus delicti does not necessarily include each element of proof required to establish the defendant's guilt. Baxter, 586 So.2d at 1199. "For example, the defendant's identity is not typically an element of a crime's corpus delicti." Id. As the supreme court stated,
This [corpus delicti] rule obviously does not require the state to prove a defendant's guilt beyond a reasonable doubt before his or her confession may be admitted. Indeed, as this Court has stated before, it is preferable that the occurrence of a crime be established before any evidence is admitted to show the identity of the guilty party, even though it is often difficult to segregate the two. The state has a burden to bring forth `substantial evidence' tending to show the commission of the charged crime. This standard does not require the proof to be uncontradicted or overwhelming, but it must at least show the existence of each element of the crime.
Allen, 335 So.2d at 825 (footnotes omitted). The state's burden in establishing the corpus delicti for an admission is far below its burden for a conviction. See Garmon, 772 So.2d at 46 ("The state is not required to prove the elements of the corpus delicti beyond a reasonable doubt before admission of a defendant's self-incriminatory statements. That burden is only required to convict. The state must, however, present substantial evidence which tends to show that the crime charged was, in fact, committed by someone.") (citations omitted). Circumstantial evidence may be offered to satisfy this burden. See Allen, 335 So.2d at 824 ("[B]efore a confession is admitted the state has the burden of proving by substantial evidence that a crime was committed, and that such proof may be in the form of circumstantial evidence.").
In this case, Snell was charged with violating section 893.135(1)(b)1.a., Florida Statutes (2001), which is the offense of trafficking in cocaine. "The four elements of the offense which must be established beyond a reasonable doubt are as follows: a) that the defendant knowingly purchased or possessed a certain substance, b) the substance was cocaine, c) the quantity was 28 grams or more, and d) the defendant knew the substance was cocaine."[1]Concepcion v. State, 857 So.2d 299, 300 (Fla. 5th DCA 2003). In order to establish constructive possession of a controlled substance, the state must prove that the defendant "knew of its presence, knew of its illicit nature, and had dominion and control over the contraband." Lewis v. State, 570 So.2d 346, 348 (Fla. 2d DCA 1990).
The state established sufficient evidence of these elements prior to the admission of the defendant's statement. It proved that officers found a trafficking weight of cocaine in open view in the car Snell had been driving. See State v. Wallace, 734 So.2d 1126, 1129 (Fla. 3d DCA 1999); Johnson v. State, 569 So.2d 872, 874 (Fla. 2d DCA 1990). The state introduced additional circumstantial evidence that the crime of trafficking in cocaine had been committed. Snell was the driver of the vehicle who attempted to elude the police at a high rate of speed. After the collision, Snell tried to escape from the scene. *1180 Moreover, Snell had $2010 in a wad of bills in his pocket.
The cases cited by Snell all involve insufficient evidence of the commission of the charged crime to admit the defendant's statement, so these are distinguishable on their facts. McQueen v. State, 304 So.2d 501 (Fla. 4th DCA 1974) (mere fact that defendant pawned stolen item insufficient to prove corpus delicti where there were no other facts showing defendant's knowledge that item was stolen); State v. Colorado, 890 So.2d 468 (Fla. 2d DCA 2004) (no independent proof that defendant was driver of vehicle to support admission of inculpatory statement in vehicular homicide prosecution); and Harrison v. State, 483 So.2d 757 (Fla. 2d DCA 1986) (no independent evidence of defendant's possession of gun to support defendant's admission in prosecution for possession of a firearm by a convicted felon). In none of those cases did the state introduce evidence showing the degree of connection of the defendant to the crime that was present in this case.
The state presented a sufficient evidentiary predicate to establish the corpus delicti. The primary purpose of the rule to prevent admission of a statement of a nonexistent crime or a mistake has been satisfied, and the trial court did not err in admitting the defendant's statement of ownership of the cocaine.
In his second issue on appeal, Snell argues that the trial court erred in admitting evidence that was irrelevant and prejudicial. The standard of review of trial court determinations of relevance is an abuse of discretion standard. Blackmon v. State, 920 So.2d 1284, 1285 (Fla. 4th DCA 2006); Nardone v. State, 798 So.2d 870, 874 (Fla. 4th DCA 2001). "All relevant evidence is admissible, except as provided by law." Elysee v. State, 920 So.2d 1205, 1208 (Fla. 4th DCA 2006). "Relevant evidence is evidence tending to prove or disprove a material fact." § 90.401, Fla. Stat.
First, Snell complains that the officers were able to testify to Snell's interaction with the family of the victim at the hospital when Snell was grinning, laughing, and making comments that antagonized the family. His actual comments were not introduced into evidence, and Snell did not object to some of the statements by witnesses that he was grinning and laughing. The state sought admission of this evidence on the charges of leaving the scene of an accident with injuries. Snell's defense was that when he got out of the vehicle, he was not running away but was himself injured with a broken ankle and essentially could not render aid. See §§ 316.027(1)(a) and 316.062(1), Fla. Stat. His demeanor in the emergency room would tend to disprove his claim of pain and significant injury and thus discredit his claim that he was unable to run away at the scene. The trial court did not abuse its discretion in overruling Snell's objection, because the evidence had some relevance to the material facts in issue.
A second area of evidence, the introduction of which is raised as error on appeal, involves evidence of the injuries to the victims of the accident. The defendant's knowledge of injury is an element of the offense of leaving the scene of the accident involving injury or death. See State v. Dumas, 700 So.2d 1223 (Fla.1997). Further, in T.B. v. State, 669 So.2d 1085, 1086 (Fla. 4th DCA 1996), we stated "evidence of victim injury, even where not an element of the offense charged, is admissible if otherwise relevant."
When a paramedic who attended to the victims of the accident testified, the state asked him to explain what kind of treatment he administered. Snell's counsel objected to the testimony on the *1181 ground that the seriousness of the injury is not an element of the crime of leaving the scene of an accident with injuries. The trial court expressed disagreement with the contention that evidence of the seriousness of an injury was not relevant, because a defendant might argue that a victim really suffered no injury. Snell's counsel agreed that the state would be entitled to bring in evidence of what a victim's injuries were and the extent of the injuries. He clarified that he was objecting to continuing testimony about treatment, particularly the treatment in the hospital. The court denied the objection.
The paramedic testified that he put a dressing on a victim's abrasions on his scalp and placed the victim on a board to stabilize his spine in case of injury. Then paramedics transported him to the hospital. Essentially, that was the extent of the testimony following the objection. While evidence of the type of treatment of a victim would not be necessarily relevant to show whether the victim was injured, the evidence, even if irrelevant, was harmless given the other evidence of injury to which the paramedic testified.
Later both victims testified about their injuries. Victim Schepp testified without objection to the extent of his injuries, including that his head was "split open," he was in a wheelchair for eight months, he had pins in his legs, and he could not walk. He showed the jury some of his scars and his right hand which was crushed in the accident. After multiple questions on these injuries, the prosecutor asked if he had any other medical conditions, and to this question Snell's attorney objected "based on my previous argument." The court overruled this objection, and Schepp testified that he had convulsions and was constantly in pain.
Schepp was allowed to testify to the extent of his injuries without objection. When defense counsel objected based upon "previous argument," the question to Schepp did not involve treatment but more evidence of the nature of his injuries. The trial court did not err in overruling this inapposite objection. However, in any event we would consider that this evidence was merely cumulative of other unobjected-to testimony regarding Schepp's injuries and harmless.
A third claimed error in the admission of evidence involves a comment on the right to remain silent by one of the officers who testified that Snell refused to answer questions by the traffic homicide investigator when she came to the hospital to interview him. Reviewing the testimony, we conclude this objection was not preserved. On cross-examination, defense counsel asked the officer whether he remembered the investigator talking to Snell at the hospital, to which the officer responded that he did not believe that Snell talked to her, because he refused to answer the questions. Again, defense counsel asked if the officer remembered the investigator talking to Snell. After several other questions, the officer again said that he remembered that the investigator had come to take a statement from him but that he refused to give a statement.
At that point, defense counsel asked to approach the bench and then began by contending that he had not opened the door to the statement. After the prosecutor responded, defense counsel admitted that he had asked the officer whether the investigator questioned Snell. Nevertheless, defense counsel contended that the statement was a gratuitous remark on Snell's right to remain silent. While the prosecutor commented that he did not think it was a comment on silence because Snell was actually talking to the officers, the prosecutor did not have any objection to the court giving a cautionary instruction. Snell's attorney then said, "I'm just *1182 going to note my objection" and said he would make a decision later on "if I even want a curative. I may not." The court never definitively ruled on the objection, and counsel never requested a curative instruction.
Under these circumstances the issue was not preserved. A party must obtain a ruling from the trial court in order to preserve an objection for appeal. See Carratelli v. State, 832 So.2d 850 (Fla. 4th DCA 2002). Although the court made comments which indicated that counsel opened the door to the answer given, it did not rule, and counsel did not take advantage of the offer of a curative instruction, as advocated by the state. There is no showing that the request would have been refused.
As to the remaining evidentiary issues raised, the trial court did not abuse its discretion in admitting either the traffic investigator's expert evidence, or in admitting a prior consistent statement by one of the officers. See § 90.801(2)(b), Fla. Stat. Finally, with respect to Snell's claim that, during closing argument, the prosecutor impermissibly commented on Snell's right to remain silent, the comment was not objected to and is not preserved for appeal.
Affirmed.
GROSS and HAZOURI, JJ., concur.
NOTES
[1] The alleged crime was committed in 2001, which was before section 893.101, Florida Statutes, was amended, deleting the requirement that the state prove that the defendant was aware of the illicit nature of the drugs.