WALLACE, Judge.
A jury found Deaunte Phillips, also known as Deaunte Antwand Phillips, guilty of several felonies and two misdemeanors. On appeal, Mr. Phillips argues only that the trial court erred in denying his motion for judgment of acquittal on the charge of possession of cannabis with intent to sell, a violation of section 893.13(l)(a)(2), Florida Statutes (2003). Because the State failed to present competent, substantial evidence to exclude Mr. Phillips’ hypothesis that he possessed the marijuana exclusively for personal use, we reverse the judgment and sentence for the possession-with-intent-to-sell charge only.
The Facts and Procedural Background
After a series of events not pertinent to the issue to be discussed, Lakeland police officers arrested Mr. Phillips and took him to the police station. During the booking process, an officer found a plastic bag in the waistband of Mr. Phillips’ trousers. Inside the plastic bag were ten smaller plastic bags containing marijuana. The total weight of the marijuana was 26.6 grams.
The officers had not observed Mr. Phillips selling marijuana. They did not find (a) any money, (b) a “little black book,” (c) empty baggies, or (d) any other items in Mr. Phillips’ possession that would tend to prove that he was selling marijuana. Instead, the State relied on the packaging of the marijuana in small baggies as the basis for its claim that Mr. Phillips was holding the marijuana for sale. Thus the State’s evidence that Mr. Phillips intended to sell the marijuana was entirely circumstantial.
Mr. Phillips moved for a judgment of acquittal on the charge of possession of marijuana with intent to sell. He argued that the State had failed to make a prima facie case that he intended to sell the marijuana. Mr. Phillips conceded that the trial court should allow the jury to decide the question of his guilt or innocence on a related charge of possession of cannabis in excess of twenty grams, a violation of section 893.13(6)(a). The same quantity of marijuana formed the basis for each of the two charges. The trial court denied the motion for judgment of acquittal, and it submitted both charges to the jury. The jury found Mr. Phillips guilty of both offenses as charged. At sentencing, the trial court set aside the jury’s verdict on the simple possession charge based on the State’s concession that Mr. Phillips could not properly be convicted of possession with intent to sell and simple possession of the same quantity of marijuana. The trial court adjudged Mr. Phillips to be guilty of possession of cannabis with intent to sell and sentenced him for that offense.
Discussion
“Where the only proof of an intent to sell is circumstantial, [that proof] may support a conviction only if it excludes every reasonable hypothesis of innocence.” Glenn v. State, 824 So.2d 1046, 1049 (Fla. 4th DCA 2002) (citing Jackson v. State, 818 So.2d 539, 541 (Fla. 2d DCA 2002)). The type of circumstantial evidence “necessary to prove intent to sell” includes the quantity and value of the contraband (which may be sufficient evidence standing alone if it is substantial), the presence of paraphernalia, and other suspicious circumstances or evidence that “would indicate an intent to sell.” Id.
It is the trial judge’s proper task to review the evidence to determine the *1139 presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. That view of the evidence must be taken in the light most favorable to the state.
State v. Law, 559 So.2d 187, 189 (Fla.1989).
In this case, three police officers testified that the marijuana found on Mr. Phillips was packaged in a way that was consistent with packaging marijuana for sale. Sergeant Mumbauer testified that on the night they arrested Mr. Phillips, the officers did not find — either on Mr. Phillips’ person or in his vehicle — any money, a “little black book,” empty baggies, or any other items indicative of drug sales. Sergeant Sealey testified that marijuana found in ten individual baggies “is consistent with sales of marijuana.” He stated, “An amount of marijuana in one plastic baggie ... could be construed as personal use.” However, on cross-examination, Sergeant Sealey testified as follows:
Q. Detective Sealey, the fact that it’s packaged in 10 individual bags doesn’t mean that the person is selling it, does it?
A. It’s consistent with sales.
Q. Okay. It’s consistent with somebody that’s going to smoke 10 baggies of pot too, isn’t it?
A. Unusual.
Q. Unusual?
A. Yes, ma’am.
Q. Well, if your dealer is standing on the corner and you go up and say I want $50 worth of marijuana and he’s got it packaged separately, isn’t that how you’re going to get it? I mean, have you ever seen anybody get a bag and dump the little bags in on the street corner and then hand it to the person?
A. Have I seen it, yes.
[[Image here]]
Q. So that’s the only way you’ve ever seen in your 16 years is a user buys drugs is one big baggie?
A. You can buy it in any way you want.
Q. Okay. So—
A. Depending on how you’re going to spend. You can [b]uy a brick.
Q. So it’s consistent with a user also?
A. It could be.
Q. Okay. So it’s consistent with selling, consistent with the buying?
A. Anyone involved in it, yes, ma’am.
Mr. Phillips did not cross-examine the other two police officers concerning the fact that the marijuana packaging could be consistent with personal use. No officer testified that the quantity of marijuana found— 26.6 grams — was inconsistent with personal use.
Mr. Phillips asserts that this case is similar to Gamble v. State, 644 So.2d 1376 (Fla. 5th DCA 1994). In Gamble, police officers found “a baggie containing 40 ... pieces of cocaine” in the back seat of a patrol car after the defendant had been in the car. Id. at 1377. The officers also found $600 on the defendant. Id. The defendant denied any knowledge of the cocaine and claimed that he had won the money from" gambling. Id. At trial, an officer testified that the amount of cocaine found “was inconsistent with personal use.” Id. On cross-examination, however, the officer conceded that the “5.3 grams of cocaine could be within the realm of possibility for personal consumption, but he doubted it.” Id. The Fifth District reversed the sentence that the trial court had imposed for possession of cocaine with the intent to sell. Id. at 1378. The district court reasoned that the trial court erred in denying the defendant’s motion for judgment of acquittal on the possession-with-intent-to-sell charge because *1140 there was no evidence that the cocaine had been packaged in a way “to suggest that it was for sale ... and not for personal consumption.” Id. Further, the Fifth District determined that the officer’s testimony supported the defendant’s view of the facts because the officer admitted that the quantity of cocaine could have been for personal consumption. Id.
Here, the State argues that it met its burden to introduce competent evidence that was inconsistent with Mr. Phillips’ theory of the case. According to the State, the officers’ testimony concerning the marijuana packaging was sufficient to rebut Mr. Phillips’ hypothesis that he possessed the marijuana exclusively for his personal use. The State relies on Bruce v. State, 616 So.2d 504 (Fla. 3d DCA 1993). In Bruce, the defendant was found in possession of thirteen individually wrapped pieces of crack cocaine. Id. at 504. The Third District upheld the defendant’s conviction of possession with intent to sell on the ground that the individually wrapped pieces of cocaine, “coupled with expert evidence of an experienced narcotics officer that the quantity involved indicated that the crack was for sale, was more than sufficient to justify the jury’s conclusion that [the defendant] indeed held the cocaine for distribution.” Id. (emphasis added).
We conclude that the State did not meet its burden to introduce evidence that would exclude Mr. Phillips’ hypothesis that he held the marijuana exclusively for his personal use. The only evidence on which the State relied to support the charge of possession with intent to sell was the officers’ testimony that the packaging was consistent with the sale of marijuana. One of the officers agreed that the marijuana could have been for personal use. The State presented no evidence that the quantity of marijuana found on Mr. Phillips was inconsistent with personal use. See Jackson v. State, 818 So.2d 539, 541 (Fla. 2d DCA 2002) (finding that although cocaine pieces were individually packaged, the quantity “was not so large as to imply an intent to sell without other evidence”). Further, the State had no other evidence that Mr. Phillips intended to sell the marijuana. See Barnes v. State, 838 So.2d 641, 641-42 (Fla. 5th DCA 2003) (affirming a conviction of possession of ten baggies of marijuana with the intent to sell when the defendant was also in possession of a large amount of money, reasoning, “the separate packaging of the drugs, coupled with the fact that the drugs and cash (a substantial sum) were kept together, supports the inference that Appellant intended to sell the drugs”). After a thorough review of the record, we conclude that the State’s evidence was insufficient to exclude Mr. Phillips’ theory that he possessed the marijuana for personal consumption. See Fowler v. State, 492 So.2d 1344, 1347-48 (Fla. 1st DCA 1986) (declaring that the circumstantial evidence relied on by the State to prove the defendant’s guilt must lead to only one inference that is “clearly inconsistent with the defendant’s hypothesis of innocence”).
Conclusion
Accordingly, we reverse Mr. Phillips’ judgment and sentence for possession of cannabis with intent to sell. On remand, the trial court shall adjudge Mr. Phillips to be guilty of the necessarily lesser included offense of possession of not more than twenty grams of cannabis, section 893.13(6)(b), and sentence him for that offense. See § 924.34, Fla. Stat. (2003); Grant v. State, 864 So.2d 503, 505 (Fla. 4th DCA 2004). Absent a valid waiver, Mr. Phillips must be present for resentencing. In all other respects, we affirm the judgments and sentences imposed on Mr. Phillips.
*1141 Affirmed in part, reversed in part, and remanded.
DAVIS, J., and THREADGILL, EDWARD F., Senior Judge, Concur.