979 So.2d 1238 (2008)
Byron RAWLINGS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-3018.
District Court of Appeal of Florida, Fourth District.
April 30, 2008.
*1239 Carey Haughwout, Public Defender, Dea Abramschmitt, Assistant Public Defender, and Jonathan Dodson, Certified Legal Intern, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant Byron Rawlings appeals the trial court's denial of his motion for judgment of acquittal, asserting the State failed to prove the intent element of the charge of possession of cannabis with intent to sell or deliver. Rawlings was pursued by police officers on an unrelated warrant and was found with a paper bag containing thirty-one individual bags of marijuana. We disagree with Rawlings' argument and affirm.
In reviewing a motion for judgment of acquittal, a de novo standard of review applies. Generally, an appellate court will not reverse a conviction that is supported by competent, substantial evidence. If, after viewing the evidence in a light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.
Reynolds v. State, 934 So.2d 1128, 1145 (Fla.2006) (internal citations omitted).
Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. The question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, we will not reverse.
Darling v. State, 808 So.2d 145, 155 (Fla. 2002). "Therefore, a motion for judgment of acquittal should be granted in a case based wholly upon circumstantial evidence if the state fails to present evidence from which the jury could exclude every reasonable hypothesis except that of guilt." Reynolds, 934 So.2d at 1146. "The state is not required to `rebut conclusively every possible variation' of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant's theory of events." Darling, 808 So.2d at 156.
In this case, the State presented evidence that Rawlings had 31 individual bags of marijuana on him with a total weight of 28.8 grams. The State presented testimony from Sergeant Tim Gahn, a veteran narcotics officer, that he had never known a buyer to purchase more than 5 bags at a time for personal use. The total cost of the marijuana Rawlings had was $300. Gahn testified the amount Rawlings had was consistent with possession with intent to sell rather than possession for personal use. On cross, Gahn stated he based this conclusion on the quantity and the amount of money it took to buy the quantity. Gahn also stated this was how marijuana was normally packaged for sale and that he'd never seen a person purchase 31 baggies for his personal use.
We find the trial court did not err in denying Rawlings' motion as Gahn's testimony that the amount of marijuana found on Rawlings was inconsistent with personal use is competent evidence of Rawlings' intent to sell. Rawlings cites to Phillips v. State in arguing this is not enough to meet *1240 the State's burden. 961 So.2d 1137 (Fla. 2d DCA 2007). However, we find Phillips is distinguishable from the instant case.
In Phillips, the second district reversed a denial of a motion for judgment of acquittal for this same charge. The defendant was arrested and found to be in possession of ten small bags of marijuana, with a total weight of 26.6 grams. Id. at 1138. At trial, several police officers testified that the packaging of the drugs was consistent with sale of marijuana. Id. at 1139. One of the officers testified that the amount of marijuana found was consistent with the sale of marijuana and also agreed that the amount of marijuana found in one of the baggies was consistent with personal use and the marijuana found could be consistent with personal use as well as sale. Id. The second district determined the totality of the testimony of the officers was not enough to meet the State's burden since one of the officers also testified the amount was not inconsistent with personal use. Id. at 1140.
In this case, Gahn testified that "given the amount of marijuana and the facts of the case . . . it was more consistent with possession for sale," and that the packaging was consistent with sales. Unlike the testimony in Phillips, Officer Gahn did not specifically agree that the amount of marijuana found was consistent with personal use and we find Officer Gahn's testimony sufficient to allow the issue of intent to reach the jury. To the extent we may conflict with the second district's holding in Phillips, we certify conflict.
We affirm the trial court's denial of Rawlings' motion for judgment of acquittal.
GROSS and MAY, JJ., concur.