32 So.3d 144 (2010)
William Albert BROSE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-2530.
District Court of Appeal of Florida, Fourth District.
February 17, 2010.
Rehearing Denied May 11, 2010.
*145 Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
LEVINE, J.
This appeal presents the question of whether the State established the corpus delicti of the crime of dealing in stolen property with the requisite corroborating evidence aside from Appellant's extrajudicial statements. We find that there is sufficient evidence, in addition to Appellant's statements, to affirm the conviction for dealing in stolen property.
The State presented a witness, Officer Aguirre of the Riviera Beach Police, who testified that Appellant, with another man beside him, was pushing a city-issued garbage can filled with twenty to thirty fishing poles in a parking lot located three or four blocks from the Intracoastal Waterway. Officer Aguirre saw Appellant and made contact with him to find out why he was pushing so many fishing poles in a garbage can. At trial, Aguirre described Appellant as being unkempt and wearing dirty clothes. Another Riviera Beach officer, Officer Gordon, testified to Appellant's statements after his arrest, regarding where the fishing poles were stolen from and what Appellant was to receive in exchange for the stolen fishing poles.[1]
At trial, there was testimony that Appellant brought the officers to the house from which he took the fishing poles. Appellant pointed to the place where he had made entry into the home, the southwest side of the garage. There, the window screen was cut out, and in the northeast corner of the garage, there was a fishing pole rack with numerous empty slots for the missing poles. The State entered into evidence *146 photographs of the garbage can with the fishing poles, as well as the pictures of the home broken into and the broken out window and cut screen.
"In reviewing a motion for judgment of acquittal, a de novo standard of review applies." Pagan v. State, 830 So.2d 792, 803 (Fla.2002). An appellate court will not reverse a conviction that is supported by competent substantial evidence. Id. "If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction." Id.
Section 812.019(1), Florida Statutes (2007), makes it a crime for any person to "traffic" in or endeavor to "traffic" in, property he knows or should have known was stolen. Trafficking means "[t]o sell, transfer, distribute, dispense, or otherwise dispose of property" or "[t]o buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property." § 812.012(8), Fla. Stat. (2007). The parties do not dispute that the State established that the fishing poles were stolen. Instead, the question is whether there was sufficient evidence of the possession of stolen goods with the intent to sell or transfer aside from Appellant's own extrajudicial statements.
"Evidence of theft only, with the intent personally to put the stolen item or items to normal use, constitutes only the crime of theft and not the crime of trafficking or dealing in stolen property. . . ." State v. Camp, 596 So.2d 1055, 1057 (Fla. 1992). The State, however, introduced significant evidence tending to show that the stolen property, that being twenty or thirty fishing poles transported in a garbage can in the middle of the night by Appellant, was not for normal or personal use.[2] Further, there is no minimum number of stolen goods required to constitute trafficking in stolen property. Gonzalez v. State, 948 So.2d 892 (Fla. 5th DCA 2007).
After the State introduced the evidence of Appellant pushing a garbage can of twenty to thirty fishing poles in the middle of the night, the State was able to introduce Appellant's statements. A confession can be admitted only after the State proves the corpus delicti of the crime by bringing forth substantial evidence tending to show the commission of the crime charged. State v. Allen, 335 So.2d 823, 825 (Fla.1976); Snell v. State, 939 So.2d 1175, 1179 (Fla. 4th DCA 2006). The State merely has to make a prima facie demonstration of the corpus delicti, independent of the inculpatory statements. Hodges v. State, 176 So.2d 91, 93 (Fla. 1965). The State need not establish the perpetrator's identity. Snell, 939 So.2d at 1179. In this case, there was substantial evidence tending to show that someone committed the crime of dealing in stolen property, allowing for the admission of Appellant's confession. The sheer number of fishing poles in Appellant's possession belies any contention that the poles were for his personal use.
The primary reason for the requirement that the proof of the corpus delicti of the crime be introduced before the admission of the defendant's statement is to protect the defendant "from being convicted of a nonexistent crime due to `derangement, mistake or official fabrication.'" *147 Snell, 939 So.2d at 1178-79 (citation omitted). In the present case, based upon the evidence presented, there is no concern that the crime did not occur or that Appellant confessed to a nonexistent crime.
For all the foregoing reasons, we affirm.
Affirmed.
WARNER, J., concurs.
FARMER, J., dissents with opinion.
FARMER, J., dissenting.
In affirming the conviction for dealing in stolen property, the majority reasons:
"`Evidence of theft only, with the intent personally to put the stolen item or items to normal use, constitutes only the crime of theft and not the crime of trafficking or dealing in stolen property.. . .' State v. Camp, 596 So.2d 1055, 1057 (Fla.1992). The State, however, introduced significant evidence tending to show that the stolen property, that being 20 or 30 fishing poles transported in a garbage can in the middle of the night by Appellant, was not for normal use. Further there is no minimum number of stolen goods required to constitute trafficking in stolen property."
Slip Op. at 2. Their logic is based on the notion that he must have wanted to sell them because he stole so many of them. Is more than one enough, under this rationale? How many is enough to indicate selling?
As the court held in Blount v. State, 641 So.2d 447, 449 (Fla. 2d DCA 1994): "the critical concept in Camp is not personal use, but negotiation" when the crime is dealing in stolen property. And even if personal use were the test for the crime of dealing in stolen propertywhich it isn't how do we derive the conclusion that 20 or 30 fishing poles is too many for personal use? As in Blount, the majority's construction introduces an intolerable ambiguity.
When the crime is merely theft, personal use may be important because one element of the crime of theft is the appropriation of property of another to one's own use. See Pizzo v. State, 945 So.2d 1203 (Fla.2006) (holding that among elements of grand theft is obtaining property of another with intent to appropriate the property to one's own use). But when dealing is the charge, there can be no reliance on an intuition of personal use, because it is certainly predictable for a thief to steal a longterm supply to reduce the frequency of having to commit the act of theft. The majority's premise simply does not fit their conclusion.
As suggested above, the text of the statute does not bear the construction placed on it by the majority. Section 812.019(1) provides: "Any person who traffics in, or endeavors to traffic in, property that he or she knows or should know was stolen shall be guilty of a felony of the second degree.. . ." The term traffic is defined to mean:
"(a) To sell, transfer, distribute, dispense, or otherwise dispose of property. (b) To buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property."
§ 812.012(8), Fla. Stat. (2009). The majority opinion would make mere possession of goods sufficient to prove dealing, without any other evidence of an overt act designed to "sell, transfer, distribute, dispense, or otherwise dispose of such property."
The analogue to trafficking in controlled substances simply does not hold up. In Rawlings v. State, 979 So.2d 1238 (Fla. 4th DCA 2008), the stolen substance possessed by the defendant was packaged in 31 individual *148 baggies. If the possessor intends only to smoke the entire lot himself, why go to the trouble of packaging it in 31 individual baggies?
Nothing in this case suggests that defendant had packaged or handled or used his trove in such a manner. In fact there is absolutely no evidence, apart from the fishing poles themselves, indicating in any way he intended to traffic in fishing poles. The majority is unreasonably enlarging the definition of the crime without textual support. I would grant a JOA on this charge because the evidence is facially insufficient to support a confession.
I dissent.
NOTES
[1] Specifically, Appellant told Officer Gordon that he planned to sell the fishing poles to "Bobby Lee."
[2] An analogy can be drawn to drug cases, where the amount of drugs can be used to establish the defendant's intent to sell or distribute. Rawlings v. State, 979 So.2d 1238 (Fla. 4th DCA 2008) (finding competent evidence of intent to sell was established by the amount of drugs found on defendant as that amount was inconsistent with personal use).