CIKLIN, J.
 

 The appellant, Edrawin Canady, appeals his convictions for delivery of cocaine (count I) and dealing in stolen property (count II).
 
 [1]
 
 We have thoroughly reviewed Canady’s arguments as to the delivery of cocaine conviction and find them to be without merit. However, we agree with Canady’s assertion that no evidence was presented to support a conviction for dealing in stolen property and as such, we reverse.
 

 
 *786
 
 During the three-day trial, a Fort Laud-erdale Police detective testified that he was undercover trying to make arrests for dealing in stolen property. He was dressed in disheveled clothing to pass as a drug addict. He carried around with him a brand new Xbox 360 -videogame system and a car radio in a tattered garbage bag. He came into contact with Canady at his place of work, a commercial garage, and tried to sell the Xbox and the radio. Ca-nady was standing with another individual, Charles Hall, at the time.
 

 Canady initiated contact by calling out to the detective to ask what he had in the bag. The detective explained that he had a new Xbox which he got from a friend who worked at Walmart. Both Canady and Hall inspected the items in the bag and began to negotiate a price with the detective. Canady initially offered to pay sixty dollars in cash for both items. The detective testified that this amount was “way below market value for both items.” Eventually Hall offered to throw in forty dollars worth of crack cocaine, to which the detective agreed. Canady handed the detective sixty dollars in cash and Hall removed a bottle containing crack cocaine from a nearby car and handed it to the detective. Canady and Hall took the Xbox and the radio and the detective left. The detective signaled to nearby police officers, and both Canady and Hall were arrested on the spot.
 

 The jury found Canady guilty of both delivery of cocaine and dealing in stolen property. The trial court sentenced Cana-dy to two years in prison for each conviction, to be served concurrently.
 

 Canady argues on appeal that no evidence was offered to support a conviction for dealing in stolen property. We agree.
 

 “In reviewing a motion for judgment of acquittal, a de novo standard of review applies.”
 
 Pagan v. State,
 
 830 So.2d 792, 803 (Fla.2002). “Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence. If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.”
 
 Id.
 
 (citations omitted).
 

 Section 812.019(1), Florida Statutes (2008), defines dealing in stolen property as, “Any person who traffics in, or endeavors to traffic in, property that he or she knows or should know was stolen shall be guilty of a felony of the second degree .... ” There was substantial, competent evidence that Canady should have known that the Xbox and radio were stolen. Canady used illegal drugs, in part, to pay for the items.
 
 See Jean-Phillipe v. State,
 
 913 So.2d 1264, 1265 (Fla. 4th DCA 2005) (“Receiving property as payment for illegal drugs is the type of ‘unusual manner of acquisition’ that tends to show guilty knowledge in a dealing in stolen property case.”). Further, another Fort Lauderdale Police detective testified at trial that while he was interrogating Canady, Canady said he was trying to complete the transaction quickly because his boss was nearby and had already warned him not to purchase items from drug users who frequented the area to buy and sell stolen goods. Finally, the undercover detective testified that the initial sixty-dollar cash offer for both items was “way below market value for both items.”
 
 See
 
 § 812.022(3), Fla. Stat. (2008) (“Proof of the purchase or sale of stolen property at a price substantially below the fair market value, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew or should have known that the property had been stolen.”).
 

 
 *787
 
 The remaining issue which confronts us concerns the definition of trafficking. “Traffie[king]” is defined as either, “To sell, transfer, distribute, dispense, or otherwise dispose of property” or, “To buy, receive, possess, obtain control of, or use property
 
 with the intent to sell, transfer, distribute, dispense, or othenvise dispose of such ‘property.”
 
 § 812.012(8)(a),(b), Fla. Stat. (2008) (emphasis added). Clearly, the first definition does not apply in this case as it was never alleged that Cana-dy actually sold, transferred, distributed, dispensed, or otherwise disposed of the Xbox or the radio. The evidence plainly showed that Canady and Hall purchased the Xbox and radio for sixty dollars in cash and forty dollars in crack cocaine and were then immediately arrested. Thus, the state argues that Canady purchased the items with the intent to sell them later. We cannot agree.
 

 Canady and the state argue on appeal whether this is a circumstantial evidence or mixed evidence case. However, as to Canady’s intent to sell the items after purchasing them, we find that
 
 no evidence
 
 was presented. The state points to no factor which would allow an inference that Canady intended to sell the items later beyond bare assertions. This case is unlike
 
 Brose v. State,
 
 32 So.3d 144 (Fla. 4th DCA 2010), which affirmed an appellant’s conviction for dealing in stolen property where police saw the appellant pushing a garbage can with twenty to thirty fishing poles in the middle of the night, and the appellant admitted to the officer that he stole the fishing poles and planned to sell them to another individual. Here, Canady purchased a single Xbox system and a single radio; this is entirely consistent with personal use. Moreover, Canady never admitted that he intended to sell the items. Simply proving that an individual purchased stolen property is insufficient to support a conviction for dealing in stolen property, which requires proof of a subsequent actual sale or the intent to sell later.
 
 See, e.g., Townsley v. State,
 
 443 So.2d 1072, 1073 (Fla. 1st DCA 1984) (“Absolutely no evidence was presented at trial to show that appellant was trafficking in or endeavoring to traffic in stolen property. The only reasonable inference from the evidence presented is that appellant was purchasing the Mercedes for his own personal use.... ”).
 

 Therefore, we reverse and remand to the trial court for entry of an order granting Canady’s motion for judgment of acquittal on the charge of dealing in stolen property.
 

 Reversed and remanded.
 

 DAMOORGIAN and LEVINE, JJ., concur.
 

 [1]
 

 . Canady was also convicted of a third count, possession of cannabis, but he does not challenge it in his appeal, so we do not address it.