ORFINGER, C.J.
 

 Jon M. Celeste appeals his conviction of trafficking in oxycodone. He contends that the trial court erred in denying his motions for judgment of acquittal. We agree and reverse.
 

 Mr. Celeste was charged with trafficking in oxycodone, possession of a controlled substance without a prescription and possession with intent to sell. After the State dismissed both possession charges, the case proceeded to trial solely on the trafficking charge. The State introduced evidence that Sheriffs Deputy Steven Jenny observed Mr. Celeste riding his bicycle at night without lights in violation of Florida law. Deputy Jenny radioed Deputy Brian Figueroa and asked him to stop Mr. Celeste. Deputy Figueroa found Mr. Celeste at a gas station with his bicycle, speaking to someone pumping gas. As Deputy Figueroa approached, Mr. Celeste turned and appeared to put something in his front pocket. When Deputy Figueroa asked Mr. Celeste what he had put in his pocket, he responded that it was his pills and
 
 *899
 
 produced a pill container containing twenty-eight oxycodone tablets. The label on the container was illegible. Mr. Celeste claimed to have a prescription for the oxy-codone, but was unable to produce it at the time. An ensuing search revealed that Mr. Celeste had $260 in twenty dollar bills, an additional twenty oxycodone pills separately packaged in a plastic wrapper and a list of names and numbers in his back pocket.
 
 [1]
 
 Mr. Celeste testified that as a result of a serious job-related injury, he had been prescribed painkillers, the most recent prescription authorizing 180 oxyco-done pills per month. He introduced evidence from a pharmacy showing that he had a valid prescription for oxycodone at the time of his arrest. The trial court denied Mr. Celeste’s motions for a judgment of acquittal, finding that in view of the separately packaged pills, the money and the list of names, there was sufficient evidence for the jury to consider. The jury found Mr. Celeste guilty of trafficking and this appeal followed.
 

 A trial court’s ruling on a motion for judgment of acquittal is reviewed de novo.
 
 See Pagan v. State,
 
 830 So.2d 792, 803 (Fla.2002). A judgment of acquittal should be granted if the State does not prove each and every element of the offense charged beyond a reasonable doubt.
 
 Baugh v. State,
 
 961 So.2d 198, 203-04 (Fla.2007);
 
 McHolder v. State,
 
 917 So.2d 1043, 1046 (Fla. 5th DCA 2006). There is sufficient evidence to sustain a conviction if, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of all the elements of the crime beyond a reasonable doubt.
 
 Banks v. State,
 
 732 So.2d 1065, 1069 (Fla.1999). In addition, when the State relies on circumstantial evidence to support a conviction, a motion for judgment of acquittal should be granted if the State fails to present evidence from which the jury could exclude every reasonable hypothesis except that of guilt.
 
 State v. Law,
 
 559 So.2d 187, 188 (Fla.1989). Once the State meets its threshold burden, it then becomes the jury’s duty to determine whether the evidence excludes all reasonable hypotheses of innocence, and where there is substantial, competent evidence to support the jury’s verdict, the reviewing court will not reverse.
 
 Reynolds v. State,
 
 934 So.2d 1128, 1146 (Fla.2006).
 

 Mr. Celeste claims that there was insufficient evidence to support a verdict that he was guilty of trafficking in oxyco-done. The trafficking statute provides, in relevant part:
 

 (c) 1. Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 4 grams or more of ... oxycodone ... commits a felony of the first degree....
 

 § 893.135(l)(c)l., Fla. Stat. (2009). The plain language of the statute requires the State to prove that an accused knowingly sold,
 
 [2]
 
 purchased, delivered,
 
 [3]
 
 brought into Florida or possessed four or more grams of one of the specified controlled substances. However, section 893.13(6)(a), Florida Statutes (2009), permits an individual to legally possess a controlled substance when the controlled substance was obtained pursuant to a valid prescription.
 
 See State v. Latona,
 
 75 So.3d 394, 394 (Fla.
 
 *900
 
 5th DCA 2011);
 
 O’Hara v. State,
 
 964 So.2d 839, 841 (Fla. 2d DCA 2007). Here, Mr. Celeste presented the trial court with evidence that he had a valid prescription for his pills, a fact that the State does not dispute. Consequently, under these circumstances, in order to survive a judgment of acquittal, the State had to prove that Mr. Celeste either knowingly sold or delivered oxycodone.
 

 We conclude the State failed to meet its burden in this circumstantial evidence case. While the evidence presented may have been sufficient to prove that Mr. Celeste intended to sell some of his prescribed oxycodone, there is insufficient evidence that he actually did so. In denying the motion for judgment of acquittal, the trial court relied on this Court’s decision in
 
 Barnes v. State, 838
 
 So.2d 641 (Fla. 5th DCA 2003). Barnes was one of two passengers in the back seat of a car. He was observed by officers placing clear baggies of a green leafy substance into a cigar box, which he threw into the back of the car when confronted by officers. The box contained marijuana in baggies and over $4,000 in cash. We held that the evidence was sufficient to support the inference that Barnes intended to sell the drugs. Here, unlike the defendant in
 
 Barnes,
 
 who was charged with possession with intent to sell, Mr. Celeste was charged with trafficking. Therefore, under the facts of this case, it was the State’s burden to prove that he actually sold or delivered the prescribed pills, not that he merely intended to do so. The State failed to carry that burden. Mr. Celeste’s motion for judgment of acquittal should have been granted. For that reason, we reverse his conviction.
 

 REVERSED.
 

 MONACO and EVANDER, JJ., concur.
 

 [1]
 

 . The exhibit is not a part of the record before this Court. However, the parties seem to agree that it is "a piece of paper listing some names and numbers.”
 

 [2]
 

 . ” ‘Sell’ means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.” Fla. Std. Jury Instr. (Crim.) 25.2.
 

 [3]
 

 . “ 'Deliver' or 'delivery' means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.” § 893.02(6), Fla. Stat. (2009).