[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10518
Non-Argument Calendar

_____

D.C. Docket No. 8:14-cv-00930-CEH-AAS

MICHAEL HORSLEY,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 15, 2017)

Before MARCUS, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Michael Horsley, a pro se Florida prisoner, appeals the district court's denial

of his 28 U.S.C. § 2254 habeas corpus petition. In his § 2254 petition, Horsley

raised several claims, but after the petition was denied in full, the district court

granted him a certificate of appealability on Claim Two, in which Horsley argued that the state court violated his due process rights by denying his motion for judgment of acquittal. On appeal, Horsley argues that: (1) the district court erred by considering an officer's inadmissible testimony that should have been partially excluded; and (2) the record contains insufficient evidence proving the essential elements of the crime beyond a reasonable doubt. After careful review, we affirm.

When reviewing the district court's denial of a § 2254 petition, we review questions of law and mixed questions of law and fact de novo. Pardo v. Sec'y, Fla. Dep't of Corr., 587 F.3d 1093, 1098 (11th Cir. 2009). However, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a "highly deferential standard for evaluating state-court rulings . . . and demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010) (quotations omitted). In other words, a federal court may not grant a writ of habeas corpus for a state prisoner where the claim was adjudicated on the merits by a state court unless the state court's decision:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable -- a substantially higher threshold."  Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

As contained in § 2254(d)(1), the phrase "clearly established" refers to the holdings of the Supreme Court as of the time of the relevant state court decision. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003).  A state court decision can be contrary to established law if: (1) it applies a rule contradicting the governing law as set forth by Supreme Court case law, or (2) the state court, in a case with facts indistinguishable from those in a decision of the Supreme Court, arrives at a different result.  Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).  A state court decision represents an unreasonable application of clearly established federal law if the state court correctly identifies the governing legal rule from Supreme Court cases but unreasonably applies it to the facts of a case.  Id.

A state court's factual determination is generally entitled to a presumption of correctness, and the applicant has the burden of rebutting the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  A factual determination made by the state court is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.  DeBruce v. Comm'r, 758 F.3d 1263, 1266 (11th Cir. 2014) (quotations omitted).

3

For § 2254(d) to apply, the state court is required only to reject a claim on the merits, not to provide an explanation or statement of reasons. Harrington v. Richter, 562 U.S. 86, 98 (2011) (providing that where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief). Under our precedent, the relevant state court "decision" to be reviewed under § 2254(d) is "the last adjudication on the merits," even if that adjudication provides no reasoned opinion. Wilson v. Warden, Ga. Diagnostic Prison, 834 F.3d 1227, 1235 (11th Cir. 2016) (en banc), cert. granted sub nom., Wilson v. Sellers, 137 S.Ct. 1203 (2017).

The Fourteenth Amendment's due process guarantee assures that no criminal conviction shall stand "except upon sufficient proof -- defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 316 (1979). In assessing the sufficiency of the evidence to support a state court conviction in a habeas proceeding, we ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319; see also Martin v. State of Ala., 730 F.2d 721, 725 (11th Cir. 1984) (noting that the Jackson standard of review is equally applicable to direct or circumstantial evidence). To determine whether the Jackson standard has been met, we look to the essential

elements of the crime as defined by state law.  Wilcox v. Ford, 813 F.2d 1140, 1143 (11th Cir. 1987).

In Florida, to be convicted of possession with intent to sell, the prosecutor must prove that the defendant knowingly possessed the illegal drug with an intent to sell.  Paccione v. State, 698 So. 2d 252, 254 (Fla. 1997).  The type of circumstantial evidence required to prove intent to sell includes the quantity and value of the contraband, the presence of paraphernalia, and other suspicious circumstances or evidence that would indicate an intent to sell.  Phillips v. State, 961 So. 2d 1137, 1138 (Fla. 2d Dist. Ct. App. 2007).  The quantity or packaging of drugs in a defendant's possession may indicate an intent to sell.  Valentin v. State, 974 So. 2d 629, 630 (Fla. 4th Dist. Ct. App. 2008).  However, discovering individually packaged narcotics does not automatically establish intent to sell.  Id.

We first conclude that AEDPA's deferential standard of review applies to Horsley's sufficiency-of-the-evidence claim.  As the record shows, the state court held on direct appeal that it did not violate Horsley's due process rights by denying his motion for judgment of acquittal, since the State had provided sufficient evidence that Horsley intended to sell the heroin.  When the Second DCA affirmed the trial court's determination, this decision -- even though it was summary -- qualified as an adjudication on the merits, and is entitled to deference under § 2254(d).  Harrington, 562 U.S. at 98.

5

Thus, reviewing the state court's decision to determine whether it is contrary to or an unreasonable application of clearly established federal law, we agree with the district court that the state court did not err in holding that sufficient evidence was introduced at trial to permit a rational juror to conclude that Horsley intended to sell heroin. Jackson, 443 U.S. at 319. The record reveals, among other things, that Horsley was found with 52 individually packaged bags of heroin. Although finding individually packaged narcotics does not automatically establish intent to sell, the quantity or packaging of the drugs in a defendant's possession may indicate intent to sell. Harris, 72 So. 3d at 806. This is especially true in this case, since no evidence was presented at trial that Horsley used heroin himself.

Moreover, Horsley's actions supported a conclusion that he had an intent to sell. As the evidence showed, when Officer Santiago arrived outside Dave's Market, which is an area known for heroin dealing, he observed Horsley sitting against and facing a wall. Horsley poked or gestured several times toward the wall. When Officer Santiago approached Horsley, he saw a brown paper bag inside a crevice in the wall centered in the area where Horsley had been poking or gesturing. The paper bag contained rice, two packages of cocaine, and 52 packages of heroin. After Horsley was arrested, he correctly identified the items in the paper bag as heroin and powdered cocaine, and said that there was no crack cocaine in the bag. On this record, a rational jury could have inferred that Horsley

was attempting to hide the bag of drugs in a wall's crevice in a location known for drug dealing, and that he intended to sell the heroin. See Phillips, 961 So. 2d at 1138 (noting that the type of circumstantial evidence required to prove intent to sell includes other suspicious circumstances or evidence that would indicate an intent to sell). As a result, Horsley cannot demonstrate that the appellate court's affirmance of the state court's decision to deny the motion for judgment of acquittal was contrary to or an unreasonable application of clearly established federal law. Jackson, 443 U.S. at 319.

We also conclude that the state court's conclusion was not based upon an unreasonable determination of fact. Indeed, its factual findings are presumed correct unless Horsley rebuts that presumption by clear and convincing evidence, see 28 U.S.C. § 2554(e)(1), and Horsley has not done so. While the evidence in the record could arguably support a conclusion that Horsley could have used the heroin for personal use, the state court's determination is not unreasonable merely because a different conclusion is possible. DeBruce, 758 F.3d at 1266. Moreover, as we've already explained, the state court's conclusion is supported by evidence in the record. In short, Horsley has failed to establish that the state court's factual findings were erroneous such that its conclusion was based upon an unreasonable determination of fact. See 28 U.S.C. § 2554(d)(2).

7

Accordingly, the district court properly denied Horsley's § 2254 petition as to Claim Two, and we affirm.  See 28 U.S.C. § 2254(d); Reed, 593 F.3d at 1239.[1]

**AFFIRMED**.

---

[1]    We do not address Horsley's challenge to the admission of testimony from Officer Santiago and the district court's consideration of it, since it was raised for the first time on appeal.  Hurley v. Moore, 233 F.3d 1295, 1297 (11th Cir. 2000).