KELLY, Judge.
Eric McFarlane challenges his convictions for possession of cocaine with intent to sell and criminal mischief. We agree with his argument that reversal is required on his conviction for possession of cocaine with intent to sell because the State failed to prove the cocaine was intended for sale rather than for personal use. However, we find no merit in McFarlane's remaining argument and, accordingly, affirm his conviction for criminal mischief.
A detective stopped McFarlane's car because he recognized McFarlane and suspected he was driving with a suspended license. Upon confirming that McFarlane had a suspended license, the detective conducted a search incident to arrest and found that McFarlane had $42 and a small box in his pocket holding methamphetamine and cocaine. Eight cocaine rocks were different sizes and were not individually packaged. Three officers testified at trial and opined that based on their experiences the way the cocaine was packaged and cut up in various sizes was indicative of distribution, but each officer conceded that the cocaine could also be for self-use. No testimony was presented as to the total weight of the cocaine.
The quantity or packaging of drugs found in a defendant's possession may indicate an intent to sell. Phillips v. State, 961 So.2d 1137, 1138 (Fla. 2d DCA 2007) (noting that the amount and quantity of drugs possessed by an individual may be circumstantial evidence of his intent to sell where such amount is inconsistent with personal use). "[H]owever, in cases where small amounts of narcotics are found, courts generally require other proof of suspicious circumstances, drug paraphernalia *1274 available, or other evidence which circumstantially would indicate intent to sell." Lesane v. State, 895 So.2d 1231, 1233 (Fla. 4th DCA 2005) ; see also Jackson v. State, 818 So.2d 539, 541 (Fla. 2d DCA 2002) (holding that where the defendant was arrested for fleeing a traffic stop and found to possess $400 and five grams of cocaine packaged in six ring baggies, the quantity was not so large as to imply an intent to sell without other evidence); Williams v. State, 569 So.2d 1376, 1377 (Fla. 2d DCA 1990) (concluding that evidence consisting of ten pieces of cocaine, marijuana rolling papers, $72, and a weapon was insufficient to prove intent to sell); Thomas v. State, 212 So.3d 410, 412-13 (Fla. 4th DCA 2017) (holding that the evidence was insufficient to prove intent to sell drugs where the quantity of drugs was small, the drugs were not individually packaged, $1086 in cash was not mingled with the drugs, and the arresting officer did not observe the defendant engage in any conduct consistent with illegal drug sales before stopping him for a traffic violation); Sampson v. State, 863 So.2d 404, 405 (Fla. 4th DCA 2003) (reversing the defendant's conviction for possession of cocaine and cannabis with intent to distribute where no evidence was presented that the 12.9 grams of cocaine found on the defendant was inconsistent with personal use or that there was any other indication that the defendant intended to sell the cocaine).
The trial court erred in failing to grant McFarlane's motion for judgment of acquittal on the possession of cocaine with intent to sell charge. Before the arresting officer stopped McFarlane's car he did not observe McFarlane engage in any conduct consistent with illegal drug sales. McFarlane did not have large amounts of drugs or money; he did not have a gun, scales, baggies, or any other items to indicate that he was in the business of selling drugs. Further, the officers conceded at trial that McFarlane's possession of the cocaine rocks could have been for his own personal use. See Thomas, 212 So.3d at 413 (holding that "the state's evidence was legally insufficient to prove an intent to sell the cocaine, especially in light of the state's expert's opinion testimony that appellant's possession of some of the cocaine pieces could have been either with an intent to sell or for his own personal use").
Accordingly, we reverse McFarlane's conviction for possession of cocaine with intent to sell. We remand for entry of a judgment for simple possession of cocaine and for resentencing on the reduced charge.
Reversed in part, affirmed in part, and remanded.
SILBERMAN, J., Concurs.
LUCAS, J., Concurs with opinion.